1. **Taxation:** LAND OWNED BY CHURCH: BURYING GROUND.   Where, out of forty acres of land alleged to be held by a church as a burying ground, only one acre was actually used for burial purposes, and the remainder as farm land, it was held that the remaining thirty-nine acres were subject to taxation.

*Appeal from Warren Circuit Court.*

MONDAY, OCTOBER 27.

ACTION to recover the possession of forty acres of land.   An equitable defense was pleaded by defendants, and the cause was submitted to the court without a jury, and judgment rendered for plaintiff.   Defendants appeal.

*Williamson & Parrott*, for appellants.

*Barcroft, Given & McCaughan*, for appellee.

BECK, CH. J.—The plaintiff claims to recover the land under a tax deed executed March 4th, 1876. The defendants, as an

1. TAXATION: land owned by church: burying ground.

equitable defense, allege in the answer that the land, being forty acres according to the government subdivision, was conveyed in 1855 to Mathias Loras, Bishop of the Catholic Church, for the use and purpose of a burying ground in connection with a Catholic Church in the neighborhood. It is alleged that the purpose of the conveyance was, through mistake, not mentioned in the deed, and that the land has been used since it was so conveyed as a burying ground of the church. It is, therefore, claimed that the land was not subject to taxation, and the sale for taxes and the tax deed under which plaintiff claims are, therefore, invalid and convey no title. It is shown by the answer that John Hennessy is now Bishop of Iowa, and the successor of Bishop Loras, and the title of the land is invested in him. Bishop Hennessy filed a cross-bill claiming that the property is, and has been, exempt from taxation, being church property used for a burying ground.

Upon the issues raised by these pleadings, the cause was tried to the court upon oral testimony. The cross-bill of Bishop Hennessy was dismissed and judgment rendered for plaintiff. The case is not triable *de novo* in this court.

Plaintiff insists that the appeal was not taken within six months after the rendition of the judgment, and no exceptions were taken to the judgment, and, therefore, the cause cannot be tried in this court. We think the abstract does not support these positions as to the facts. By a fair interpretation of the language of the abstract it appears that the appeal was taken in time, and the judgment was duly excepted to when rendered.

The cause not being triable here *de novo*, we cannot disturb the judgment of the court below, unless it appears that it is so without the support of the evidence as to authorize the conclusion that it was the result of passion or prejudice, and not the fair and intelligent exercise of the discretion of the court, or unless there appears to be an utter absence of evidence to support the court's conclusion.

The question of fact upon which the decision of the case depends is this: Was the land church property, devoted to the uses of the church as a burying ground? If it was not such property taxes were lawfully levied upon it. The court below found that it was not devoted to such purposes. As to all the land except about one acre there is no ground to hold that this conclusion is not sufficiently supported by the testimony. There can be no doubt that the land was conveyed to Bishop Loras, for the use of the Catholic Church, but it cannot be said that the evidence establishes its use for church purposes. It was for years uninclosed; when inclosed it was used for farming purposes. While it was church property, it was not devoted to the objects of the church. We think the decision of the court below holding the land to be subject to taxation cannot be disturbed, except as to about one acre in one corner of the tract. The testimony does show, without contradiction, that for twenty years this part of the land has been used as a public burying ground, and that a great number of persons have been buried there and their graves remain. This burying ground has been at least partly fenced and marked off from the rest of the tract. Whether it was a church burying ground, or used as such by the Catholic or any other church, it is not important to inquire. That it was a public burying ground is beyond dispute; there is no conflict in the evidence on this point. "Public grounds, including all places for the burial of the dead," are exempt from taxation. Code, section 797, Revision, section 711. Under this provision we think there can arise no doubt that about one acre of the land was not taxable, and, therefore, could not have been lawfully sold for taxes. As to this part of the land we think the judgment of the Circuit Court is so in conflict with the evidence that it cannot be supported. The judgment must be reversed, and the cause remanded for a new trial.

REVERSED.