MATILDA EDISON v. THOMAS ALMY AND JOSEPH A. MANLY.

*Justices of the peace—Appointment by city council—Election— Void judgment.*

1. The Constitution requires all justices of the peace to be elected, and it is against public policy to have them chosen otherwise except for temporary purposes.

2. A city charter empowered the council to fill vacancies in any elective office, and provided that the person appointed should hold office *only* until the first Monday of May next succeeding such appointment, the vacancy to be filled for the unexpired term at the annual election in April.

    *Held,* that a justice of the peace appointed under said provision had no power to render a judgment after the first Monday of May, in a suit commenced before him before that date, and that such judgment, if rendered, was void.

Case made from Kent. (Montgomery, J.) Argued April 29, 1887. Decided June 16, 1887.

Assumpsit. Plaintiff assigns error. Affirmed. The facts are stated in the opinion.

*Taylor & McBride,* for appellant.

*Charles J. Potter (Maher & Felker,* of counsel), for defendants.

CAMPBELL, C. J. This action was brought on a judgment rendered May 16, 1885, by John W. Holcomb, acting as a justice of the peace in Grand Rapids. It is defended on the ground that his office had ceased. Plaintiff claims that he was nevertheless a justice *de facto.*

On the twenty-sixth of January, 1885, Holcomb was appointed by the common council to fill the vacancy caused

by the death of Thompson Sinclair. He gave bond for the period up to July 3, and was so entered on the records of the county.

At the spring election of 1885, William G. Saunders was elected, and qualified, to fill the same vacancy. Holcomb did not deliver over his records until June. In the meantime the suit on which this judgment was rendered was begun before Holcomb, on April 25, by summons returnable May 2, 1885. By agreement it was adjourned to May 16, at which time defendants did not appear, having previously notified plaintiff's attorney they would not do so on account of Holcomb's ceasing to be justice. Judgment was rendered on that day.

The court below held the judgment void.

The charter[1] of Grand Rapids, by section 1 of title 2 divides city officers into elected and appointed, and names justices among the former, and requires them to be elected at the April election. By section 20 all officers take office on the first Monday of May.

By section 23 the council received power to fill vacancies in any elective office, and the person appointed "shall hold by virtue of such appointment only until the first Monday of May next succeeding." The same section requires the vacancy to be filled for the unexpired term at the annual election. This, so far as justices are concerned, follows the constitutional requirement that all justices elected to fill a vacancy shall hold for the rest of the term. Const. art. 6 § 17.

The Constitution requires all justices to be elected, and it is against public policy to have them chosen otherwise except for temporary purposes. The charter provisions are too plain for discussion. If it required an officer to hold over until his successor is elected and qualified, there might be some ground for holding that in case of dispute there might be a holding *de facto*. But this charter excludes such a notion,

[1] Act No. 218, laws of 1871.

and ends the office whether a successor is chosen or not. The appointment gives no color for any longer holding.

We think the judge below decided the case correctly, and the judgment must be affirmed.

The other Justices concurred.

