PEOPLE v. PAYMENT.

1. Justices of the Peace—Failure to File Oath and Bond—De Facto Officers.

One who has been elected to the office of justice of the peace, and has entered upon the duties thereof, is an officer *de facto*, notwithstanding his failure to file his oath of office and bond within the time prescribed by law.

2. Criminal Law—Illegal Arrest—Validity of Subsequent Proceedings.

The validity of an arrest under proper proceedings is not affected by the fact that the respondent is already in custody for the same offense under void proceedings.

3. Adultery—Complaint—Information.

A complaint against a woman for adultery need not show that it is made by her husband; nor is it necessary that the information should contain such an averment.

4. Criminal Law—Offense not Triable by Justice—Jurisdiction to Issue Warrant.

Where a complaint and warrant for an offense not cognizable by a justice of the peace are valid in form, the question whether the evidence taken before him justified his conclusion to issue the warrant is not triable at the circuit.

5. Adultery—Instructions.

Upon a prosecution for adultery, an instruction that sexual intercourse must be proved is sufficient, without going into particulars regarding penetration and emission.

Exceptions before judgment from Chippewa; Steere, J. Submitted April 30, 1896. Decided June 2, 1896.

Minnie Payment and John E. McDonald were convicted of adultery, and the former assigns error. Affirmed.

*McDonald & Chapman* and *Holden & Steinlein*, for appellant.

*Fred A. Maynard*, Attorney General, and *Frank R. Warner*, Acting Prosecuting Attorney, for the people.

HOOKER, J.   The defendant, Minnie Payment, was convicted of adultery upon a plea of not guilty, entered by direction of the court by reason of her refusal to plead to the information.   Her counsel claim that the conviction is void because of a want of jurisdiction in the examining magistrate  (1) because he was not a lawful officer;  (2) because the arrest, complaint, and warrant were unlawful and void.

The magistrate was elected to the office of justice of the peace at the regular spring election of 1894.   On the 4th of July following he received the docket and papers from his predecessor, and entered upon the duties of the office, but neglected to file his oath of office and bond until July 9th.   It is contended that this created a vacancy in his office, under 1 How. Stat. § 649, which provides that—

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office:  *  *  *  His refusal or neglect to take his oath of office, or to give or renew any official bond, or to deposit such oath or bound in the manner and within the time prescribed by law."

Sections 767–769 require the justice elect to take, subscribe, and file his oath of office and execute and file his bond on or before the 4th day of July.   By these sections the justice has the whole of the 4th of July to file these papers.   There is nothing to indicate that he is not a lawful officer until this is done.   On the contrary, the case is parallel to that of a sheriff who is required to file bonds at stated times.   See *Dunphy* v. *Whipple*, 25 Mich. 10.   In that case this court held that such sheriff was an officer *de facto;* that his election justified his treatment as an officer, and not a usurper, and that, together with his acting under it, constituted protection to those interested in his official acts.   The election and the exercise of the office within the lawful term of the office constituted color, and his title could not be attacked in

any other way than by a direct proceeding for that purpose.

The case of *Carleton* v. *People*, 10 Mich. 250, lays down the same doctrine, which appears to have been approved by the dissenting judges, who base their dissent upon the fact that the law had not provided for any officer *de jure*. Mr. Justice CAMPBELL said:

"There could not be an officer *de facto* where no officer *de jure* was provided for. Where the law has provided that an office may legally be filled, then the acts of an incumbent may be valid, although not lawfully appointed, because the public, being bound to know the law, know that somebody may or should fill the place. and perform the duties; and possession would, as to them, be evidence of title."

The case of *Edison* v. *Almy*, 66 Mich. 329, relied upon by counsel for the defendant, turned on the same principle, for there the law expressly provided that the term should terminate at the time mentioned, and there could be no holding over.

The evidence showed that the defendants were discovered and arrested by an officer without a warrant, and subsequently a complaint was made by the defendant's husband, and a warrant was issued, and duly returned with the defendant, and the examination followed. We attach no importance to the first arrest. Whether it was valid or not, the subsequent proceedings, if regular in themselves, cannot depend upon what occurred before.

We think the complaint and warrant were valid, under the decisions in the cases of *People* v. *Isham*, *ante*, 72, and *People* v. *Bennett*, 107 Mich. 430. It is not competent to try at circuit the question whether the evidence before the justice justified his conclusion to issue a warrant, when the complaint and warrant are valid in form.

The attack upon the information is based on the fact that it did not allege that the complaint was made by de-

fendant's husband; but this question is settled against defendant's contention in *People* v. *Isham.*

Error is assigned upon the charge of the court in that it is said to have permitted the jury to consider outside rumor.    Technically speaking, the language might admit of such construction, but it is also susceptible of another, and we think the defendant was not injured either by the refusal to give the request or the charge given; and we think the instructions upon the question of reasonable doubt and the presumption of innocence substantially covered those subjects in a proper manner.

We also think that, when the court told the jury that sexual intercourse must be proven, he sufficiently covered the question, without going into disgusting particulars regarding penetration and emission, or informing the jury that the "commission of adultery in the heart" is not sufficient.    We may presume that the jury was composed of grown men, of average intelligence, and the request which the judge is said to have "positively refused" would have subserved no useful purpose.

We find no error in the record, and the conviction is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.