JOHN MELSHA, Appellee, v. JAMES P. DILLON, Appellant.

No. 41024.

JUNE 24, 1932.

REHEARING DENIED SEPTEMBER 23, 1932.

Edward J. Dahms, for appellant.

Barnes, Chamberlain, Hanzlik & Thompson and Milo O. Hanzlik, for appellee.

FAVILLE, J.—J Street West in the city of Cedar Rapids runs north and south. It is intersected at right angles by 23d Avenue West. It appears that the traveled path on J Street is about 20 feet in width and the traveled path on West 23d Avenue is about 25 feet in width.

On the 21st day of January, 1930, the appellee was driving an automobile southward on J Street. It was near the hour of noon. There is an incline on J Street near the point of intersection with West 23d Avenue, and the evidence shows that the appellee was going up said incline about 15 or 20 miles an hour.

There is a house on the east side of J Street near the intersection of the two streets. A truck belonging to appellant was driving westward on 23d Avenue. As the appellee approached said intersection in his automobile he was about 15 or 20 feet from the intersection when he saw the appellant's truck about 50 feet from the intersection. Appellee contends that he immediately swerved his car to the right in order to avoid being struck, and that the driver of the appellant's truck entered said intersection and swerved said truck to the left and south, and by this movement the rear of the truck struck the side of the appellee's car, causing the damages of which complaint is made.

The appellee alleged that the appellant was negligent in driving said truck at a high and dangerous rate of speed at the time of said accident, and that appellant did not have his car under control so as to avoid striking the appellee, who had the right of way.

1. The appellant predicates error upon the action of the trial court in instructing the jury that in determining the damages to be allowed the appellee they might include the claim for medical services in the sum of $9.00. We are of the opinion that under the record in this case the evidence is insufficient to show the reasonable value of the medical services for which the appellee made a claim in his petition, or that the amount thereof had been paid by the appellee. Therefore, this contention of the appellant's must be sustained. Ege v. Born, 212 Iowa 1138. If the appellee will, within thirty days after the filing of this opinion, file a remittitur in the sum of $9.00, the judgment in said cause will stand affirmed. If said remittitur is not filed, the judgment will be reversed.

2. The appellant contends that he was entitled to full and complete instructions covering the particular facts of the case, without any request therefor, and especially complains that the court failed to instruct on the question of unavoidable accident. We think the contention is without merit. The instructions appear to be full and ample, and the jury was advised as to the issues and the proper application of the law to the facts of the case.

3. Appellant complains of Instruction No. 4. In submitting the grounds of negligence the court told the jury that

the appellee claimed the appellant was negligent in the following particulars:

"(1) In driving at a high and dangerous rate of speed at the time of the accident.

"(2) In failing to have his car under control so as to avoid striking the plaintiff, who had the right of way."

This instruction was in accord with the allegations of the appellee's petition. In Instruction No. 4 the court instructed the jury with respect to the statute relative to a situation where two vehicles are approaching on a public highway so that their paths will intersect and there is danger of a collision, and that under such circumstances the vehicle approaching the other from the right had the right of way. In said instruction the court told the jury that it was for it to decide whether the driver of the truck failed to yield the right of way to the appellee, and also told the jury that the appellee had the right to assume that the driver of the truck approaching the intersecting point in the highway from the left would observe the statute and yield the right of way to him. In said instruction the court also told the jury that it was the appellee's duty to use ordinary care, and that the law respecting the right of way at intersections would not relieve the appellee from his duty to use ordinary care to avoid injury. In view of the way the issues were framed, we do not think the court erred in giving this instruction. The allegation in the petition was that the driver of the truck "did not have his automobile under proper control so as to avoid striking the plaintiff herein, who had the right of way." In submitting the issues to the jury the court instructed as to this ground of negligence in substantially the language of the petition. While the pleading is not as amplified as it might well have been, we think it is fairly subject to the construction that the negligence charged was not merely a failure to have the car under control, but it was a failure to have the car under control so as to avoid striking the appellee, "who had the right of way." No motion was lodged against the petition. The evidence showed that the collision took place at an intersection. We think the court did not err in correctly instructing the jury as to what the law is respecting the right of way where two automobiles are approaching an intersection. The instruction is not an erroneous

statement of the law applicable to such a state of facts, and we think the allegations of the petition were sufficiently broad to justify the court in instructing the jury as to the law respecting such a situation as the evidence disclosed.

The motion to strike argument, which was ordered submitted with the case, is overruled.

We find no error in any of the matters urged by the appellant. The judgment of the lower court is—Affirmed on condition.

, WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.