Jacob Wood, Appellee, v. Adam Branning, Jr., Appellant.

No. 41431.

October 19, 1932.

Swan, Martin & Martin and Frank Brennan, for appellee.

George C. Wyland, H. G. Langdon, and Putnam, Putnam & Forrest, for appellant.

De Graff, J.—On the afternoon of January 4, 1931, the plaintiff-appellee was driving his automobile in a westerly direction on the public highway. He was approaching and about to pass a house on the south side of the highway, from which premises a driveway entered the public highway from the south. Some evergreen trees

were growing along the east side of the driveway and in the corner of the yard near the point where the driveway entered the highway, and the view to the east was thereby obstructed.

The defendant neither saw nor heard the plaintiff coming until the collision occurred. The defendant gave no warning of his intention to enter the highway. The front of the defendant's car came in contact with the rear of plaintiff's car while the defendant's car was proceeding in a northerly direction, turned slightly to the west, in which direction the defendant was going. Defendant did not stop his car before driving into the highway from the yard, did not look east at all, and turned west a little as he came out. He did not stop after he passed the evergreens. He so testified, and states that the evergreens obstructed his view.

The highway on which plaintiff was traveling was of dirt, with a single track in the middle. Plaintiff was partly on one side of the center of the road and partly on the other before the collision. There is a dispute in the testimony as to where he was when the collision occurred, some testimony tending to show that he was astride the crown of the road, while other evidence was to the effect that he was north of the center, and that the head end of defendant's car was two feet north of the crown of the highway.

Motions for directed verdict were overruled, both at the close of plaintiff's testimony and at the close of all the testimony. The cause was submitted to the jury, and upon a verdict in favor of plaintiff judgment was entered. Motion for new trial and exceptions to instructions were overruled.

Error is assigned in that the court instructed the jury that defendant was guilty of negligence because he did not yield the right of way to plaintiff, who was approaching from defendant's right; because defendant did not stop before entering the public highway, approaching it from a private drive, where his view to the east was obstructed.

The legislature has imposed positive duties on the drivers of automobiles. Such duties, if observed, are intended to and do prevent injury to persons and property. A failure to observe such statutory duties constitutes negligence. Kisling v. Thierman, 214 Iowa 911.

In the case at bar, the defendant owed a positive duty to stop his car before entering a public highway from a private drive, and

especially so since his view of the public highway was obscured. Section 5035, Code, 1931, provides as follows:

"Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way provided, however, that such vehicles coming from alleys and private drives, where view is obstructed, shall stop immediately before entering a public street or highway."

See Kemmish v. McCoid, 193 Iowa 958; Olson v. Shafer, 207 Iowa 1001.

We find no error in the instructions complained of in so far as they hold the defendant guilty of negligence in failing to perform the statutory duty imposed.

The court instructed the jury that a failure on the part of defendant to look toward the east before entering the highway was negligence. He was driving north, and the plaintiff was coming from the east on the defendant's right. In order to ascertain whether or not his statutory duty to yield the right of way was existent, it was necessary for him to look to his right. This he did not do. He was guilty of negligence in failing to do so. Masonholder v. O'Toole, 203 Iowa 884. Furthermore, the statute required the defendant to stop before entering the highway, under the then existing circumstances. The duty to stop is accompanied by an implied duty to use the senses of sight and hearing to ascertain the presence of danger. No one would seriously contend that defendant had fulfilled the measure of duty by merely stopping, and then, without looking, proceeding out onto the highway. Such a course of conduct could be characterized only as negligence. If the defendant were attempting to recover, such action on his part would readily be declared to constitute negligence. We think the court was right in instructing the jury that the failure of the defendant to look to the east, his right, before driving out onto the highway, was negligence.

It is claimed that the court erred in giving Instruction Number twelve to the jury, in that the court failed to state that the plaintiff could recover for permanent injuries only such damages as the evidence disclosed he would, with reasonable certainty, suffer in the future. The instruction complained of does not purport to instruct the jury at all. It merely states what the petitioner claims. Instruction Number thirteen then proceeds to instruct the jury with

regard to damages. No exception was made to Instruction Number thirteen and, therefore, we cannot consider the error assigned.

It is claimed that the court committed error in failing to instruct the jury as to the theory of the defense. The answer of the defendant is a general denial, and an allegation that the proximate cause of the accident and any injury or damages the plaintiff sustained were due to the negligent operation of his (the plaintiff's) Ford coupé. The motion to direct a verdict was based upon the claim that the plaintiff was driving at an excessive rate of speed, to wit, forty or forty-five miles an hour, and that after seeing the defendant coming out of the driveway, he made no effort to avoid the collision; that the plaintiff was not watching the road ahead of him; and that if he had been, he could have seen the defendant at an ample distance so as to have turned out or slowed down and avoided the collision.

Lastly, it is claimed by the appellant that the court erred in the admission of certain testimony. The record is as follows:

"Jacob Wood [appellee] being recalled testified in his own behalf: 'Q. I would like to ask you what the reasonable value of Dr. Chisholm's services were for the treatment he has given you in relation to this accident.' Objection. 'That is objected to as incompetent, irrelevant and immaterial and the witness is incompetent.' The court: 'You may answer.' Exception by the defendant. 'Around $75.00, Sir.' "

It may be observed that the witness Wood was not interrogated in regard to the amount, if anything, he had paid the doctor for the treatment he had received, although this lay witness was asked to state the reasonable value of the services of the attending physician. A layman may be competent to testify as to the reasonable value of services of a physician, but this rule is based on the fact that the witness is competent to testify, and his qualifications to do so must appear in the record. Millard v. Northwestern Mfg. Co., 200 Iowa 1063.

We are inclined to think that the quarrel indicated by the briefs of the respective attorneys is not substantial enough to justify a reversal, but that a remittitur should be filed as to the amount testified to by the plaintiff, to wit, "Around $75.00."

A similar case, Arnold v. Ft. Dodge, Des Moines & So. R. R. Co., 186 Iowa 538, l. c. 547, presents a somewhat analogous propo-

sition to the instant case. The plaintiff in the above cited case was permitted by the instructions to recover his reasonable medical expense, and there was no attempt to show, either that the amounts of the expense so incurred represented reasonable value or that the plaintiff had in fact paid such sums. The opinion states:

"If the plaintiff had, in fact, paid these specified amounts, we should deem that fact presumptively sufficient. Dr. Bush, the plaintiff's physician, was one of his witnesses. He could have testified to the reasonable value of the services, and to the fact that the amount had or had not been paid by the plaintiff. We are disposed to avoid undue technicality as to the method of proof upon such a question. Reutkemeier v. Nolte, 179 Iowa 342."

See, also, Ege v. Born, 212 Iowa 1138, l. c. 1147 *et seq.*; Melsha v. Dillon, 214 Iowa 1324.

In the case at bar the testimony of Dr. Chisholm was readily available to the plaintiff. He was a witness at the trial. In the Arnold case, supra, this court said:

"Plaintiff may have the election to cure the same by remitting the amount of these two items." (Reasonable medical expense.)

So, here, under quite similar evidence, if the plaintiff files a remittitur in the sum of $75.00 within 30 days from the date of the filing of this opinion, the cause will be affirmed; otherwise, reversed. —Modified and affirmed.

STEVENS, C. J., and FAVILLE, WAGNER, and ALBERT, JJ., concur.