A. CARSTENSEN, Appellee, v. THORVALD THOMSEN, Appellant.

No. 41481.

428

DECEMBER 13, 1932.

A. E. Foster and Whitney, Whitney & Stern, for appellee.

Bailie & Edson and Gill & Gill, for appellant.

STEVENS, C. J.—This is an action to recover damages for personal injuries inflicted upon appellee when appellant's truck, which he was driving, struck him in a public highway. At the time of the accident, appellee was standing in the highway by a Chevrolet coach conversing with some parties seated therein. His injuries were severe and some of them, perhaps, permanent.

Appellee resides on the north side of primary highway No. 5, which extends east and west, in Buena Vista county. This highway is improved by graveling, the graveled portion thereof being twenty-eight feet in width. The private driveway of appellee intersects the highway on the north side and extends northward toward his residence. The situation immediately preceding the accident was as follows:

A Dodge sedan, owned by I. M. Jorgensen, was parked in the private driveway of appellee with the rear toward the highway. There is some dispute in the evidence as to the exact distance it was standing from the north side of the highway. The Chevrolet coach, at the north side of which appellee was standing, with his head inside the car, conversing with the occupants, was almost immediately south of the driveway but apparently slightly west of the cen-

ter thereof. The south wheels of the Chevrolet coach were on the edge of the grass just outside the graveled portion of the highway. This car was headed east. Appellant, who was the owner and operator of a ton and a half Ford truck, approached the scene of the accident from the east on the north side of the highway at a speed estimated by him at from twenty to twenty-five miles per hour. This testimony is corroborated by the testimony of the proprietor of a filling station which he passed about 300 feet east of appellee's driveway. One other witness testified to a speed of thirty-five miles per hour. The ground was level and both appellant and Jorgensen had a clear view in each direction for at least one-half mile. The only other vehicle on the highway in the vicinity was a wagon which was being driven eastward. The accident occurred about 4:30 P. M. on August 4, 1931.

Appellant testified that as he approached the driveway, and when he was 175 feet east thereof, he saw Jorgensen enter the Dodge sedan but that he did not slacken the speed of his truck. He also observed the Chevrolet coach standing on the south side of the highway. According to the testimony of appellant, Jorgensen backed the sedan suddenly and at a speed of ten or twelve miles per hour into the highway immediately in front of the truck. At this time the sedan was only ten or fifteen feet away. Immediately after the accident, the sedan was headed northeast and the truck to the northwest. The truck when stopped was about forty-five feet west of the sedan. Jorgensen testified that he looked in both directions before backing into the highway: that he did not see the truck approaching; and that the speed of his car did not exceed two miles per hour. The truck struck the rear right fender of the sedan and dented the body on the right side also near the rear of the car. Appellant testified that immediately upon discovering the sedan, he applied the brakes and turned to the left. There is a dispute between appellant and Jorgensen as to whether the sedan was standing still or moving when struck. Jorgensen testified that he first saw the truck approaching when it was ten or fifteen feet from him; that he immediately applied the brakes; and that when struck the car had been brought to a complete stop. On the other hand, appellant testified that the sedan was still in motion when the collision occurred. It must at all times be kept in mind that Carstensen, and not Jorgensen, is the plaintiff. Appellee did not see the truck at any time. The man

who was driving the team eastward testified that the truck passed him 110 feet east of the place of the accident. This witness testified that he stopped when the truck passed him and that it collided with the Dodge sedan and immediately thereafter struck Carstensen, knocking him behind the car about three feet.

A witness for appellant testified that he saw Jorgensen stop his sedan near the north side of the highway but did not see the collision. He thought Jorgensen killed his engine. Measurements made immediately after the accident fixed the space between the rear of the sedan and the Chevrolet coach at fourteen feet. The truck was equipped with a rack, the outside measurement of which was seven feet, six inches, and was approximately fourteen feet in length.

At the close of the evidence appellant moved for a directed verdict. This motion was overruled, and this ruling presents the first question for our consideration.

The negligence charged in the petition and submitted to the jury was the alleged negligent and reckless operation of the motor vehicle at a high and dangerous rate of speed, failing to have the same under control, and failing to drive the same upon a public highway in a careful and prudent manner. Until met by the emergency, appellant was driving his truck upon the right side of the highway, and, but for the intervention of the Dodge sedan, would have continued on his course without possible danger or mishap to appellee. So far as the normal movement of the truck was concerned, he was in a position of perfect safety. It is strongly argued on behalf of appellant that appellant was at no time negligent in the operation of his truck and that the proximate cause of the injury was the negligent backing of the Dodge sedan into the highway by Jorgensen. The court instructed the jury that the question as to whether Jorgensen was or was not negligent was not involved in the issues and should be given no consideration by the jury. This language was, however, immediately followed in the same paragraph of the instruction by the further direction that the testimony regarding the movement of the Jorgensen car should be given such weight as the jury deemed it entitled to as bearing upon the question of appellant's negligence.

Abstractly, the negligence of Jorgensen, if any, has little or no bearing upon the legal rights of the parties to this action: that is to say, appellee to recover at all must prove by a preponderance or

greater weight of the evidence that the proximate cause of the injuries complained of was some alleged act of negligence on the part of appellant. The physical facts must be given considerable weight in determining, as a matter of law, whether any of the grounds of negligence alleged in the petition have been established by the evidence. As stated, Jorgensen testified that he looked both east and west before entering the highway and saw no car approaching from either direction. The fact that he first saw appellant when a few feet away lends some corroboration to the claim of appellant that the sedan was suddenly backed across the path of the truck. Jorgensen testified that it was then that he first saw appellant's truck. It was the duty of appellant to at all times have his truck under control and to drive it in a careful and prudent manner. However, he had a right to assume that, before entering the highway, Jorgensen would look in the direction from which the truck was approaching.

It is the law of this state that one driving a motor vehicle from a private driveway into a public street or highway, where his view is obstructed, must stop immediately before entering the same. Section 5035, Code 1931. The view in the present case was wholly unobstructed. The statute does not, in terms, where the view is unobstructed, require the driver of a motor vehicle from a private driveway to stop before entering the same. It is, however, the duty of one thus entering a highway to look and not to proceed therein unless, as a reasonably prudent and cautious person, he believes, and has a right to believe, that the highway may be entered with due regard to the safety of other vehicles approaching on the same side of the highway. Olson v. Shafer, 207 Iowa 1001; Kemmish v. McCoid, 193 Iowa 958; and Wood v. Branning, 215 Iowa 59. This is material as bearing upon the issue of appellant's alleged negligence.

The speed of the truck in this case, on an unobstructed highway, with a clear view for at least one-half mile, was not, as a matter of law or fact, excessive. Appellant had a right to assume that Jorgensen would not enter the highway without reasonable care and caution. The mere fact that Jorgensen entered his car was not sufficient to require appellant to at once assume that he intended to violate his duty and to negligently back his car into the highway. Until the highway was obstructed, or it became apparent to appellant that it might, or would, be, he owed no particular affirmative

duty to look out for the safety of appellee, who was, as stated, at a place a safe distance from the normal course of the truck. Under all of the evidence, appellant was suddenly confronted with an emergency. Whether the sedan was moving or standing still when struck is not material. It had immediately before the collision been backed into the highway in front of the approaching truck. The rear wheels of the sedan were six feet from the south side of the traveled portion of the highway: Thus confronted by a sudden emergency, what was appellant to do? He testified, and this is not contradicted, that he applied the brakes and turned to the left. Jorgensen was accompanied in the car by a child. Obviously appellant sought to avoid a collision therewith. To do this, he was compelled to deflect the course of his vehicle to the south. But for the movement of the car from the driveway, the accident could not have happened. A reasonably prudent and cautious man, as a matter of law, would not have done otherwise. The distance of fourteen feet between the vehicles, as a physical fact, did not, under the circumstances, afford him a clear passage. Some portion of the truck struck the rear right fender of the sedan and, on the opposite side, struck appellee, inflicting the injuries complained of and also striking the door of the coach. Had both cars been standing still as appellant approached them, in the absence of an emergency, he could, of course, readily have passed safely between them. There is no physical or other fact shown in the evidence on which the jury could base a finding that appellant did not, thus confronted, operate his truck in a careful and prudent manner unless it be that he was negligent in not reducing the speed thereof immediately after he saw Jorgensen in the driveway as he proceeded westward. Had he done so, he probably could have stopped in time to have avoided the collision. To hold that he was legally bound to do so would be to deny to appellant, who was already in his proper place on a primary highway, the right to assume that the driver of the sedan, the only possible obstruction in sight, would wait until the driveway was passed by him. The duty of the operators of motor vehicles upon the public highway to always have the same under control and to drive the same in a careful and prudent manner so as not to injure the person or property of another must be interpreted in the light of all the facts and circumstances surrounding a given situation. It was obviously impossible for appellant to have stopped the truck after the sedan was backed into the highway. He was bound, upon

observing same, or when it was at a place where he might reasonably have known that it was likely to obstruct his path, to act as a reasonably prudent and cautious person would act under such circumstances. The jury should not, however, in the absence of any evidence tending to show that he did not act and conduct himself in a reasonably prudent and cautious manner, be permitted to speculate upon what he might possibly, under other circumstances, when not confronted with an emergency, have done.

It is our conclusion upon the record that appellant's motion for a directed verdict should have been sustained. The judgment is, accordingly, reversed.—Reversed.

EVANS, DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.

FAVILLE and UTTERBACK, JJ., took no part.