MARY L. COMER HEYLAND, Appellee, v. WAYNE INDEPENDENT SCHOOL DISTRICT No. 5, Appellant.

No. 45974.

Mabry & Pabst, for appellant.

Miller, Everett & Miller, for appellee.

WENNERSTRUM, J.—The appellee in this action filed a petition at law, with amendments thereto, and sought judgment for the amount due her by reason of a teacher's contract entered into with the appellant School District, which contract the District failed to carry out. The appellant asserted in its answer that the contract obtained by the appellee was secured by fraud. It was also claimed that at the time the contract in question was authorized by the school board one of the school directors was a de facto officer and that the appellee had knowledge of this fact and she was in no position to rely upon any action performed or authorized by virtue of his vote. The trial court held that the evidence substantiated the appellee's claim; that the appellee was not guilty of any perpetration of or participation in any fraud in connection with the claimed election of the de facto school director; that the appellee was not sufficiently acquainted with the status of the claimed de facto officer to charge her with notice of that fact; and that she was entitled to rely upon his action in voting for her election as schoolteacher for the District. Judgment was therefore entered for the full amount of her claim, with interest. The School District has appealed.

Certain matters of evidence are conceded. It is not denied that the appellee held a valid teacher's certificate which would entitle her to teach in the school of the appellant District. It is conceded that she received a signed teacher's contract on April 19, 1937, which had been authorized and approved by

the school board, as then constituted. The main matters of dispute involve the claimed illegal election of Alex O'Brien on March 8, 1937, and the knowledge of this purported illegal election on the part of the appellee.

The school election, which was held on the date previously mentioned, resulted in Alex O'Brien's receiving 14 votes and T. L. Coughlin 13 votes. Eight of the 27 votes that were cast at this election were challenged, but counted. The record of the minutes of the school board meeting of March 8, 1937, shows that T. L. Coughlin at that time "asked a contest of the election." The record discloses the fact that there had been a 25-year-old contest between the east and west sides of the School District. Certain persons who had recently moved out of the District or who had moved into the District after March 1, 1937, voted. The election contest developed by virtue of the claimed illegality of the consideration of the votes of these particular persons.

The minutes of the school board show that on March 15, 1937, a meeting was held, at which time Alex O'Brien was sworn in as a member of the board. These minutes further show that a motion was passed that the board meet July 1, 1937. It is also disclosed by the records of the board that a special meeting was called by the president on April 19, 1937, at which time the president of the board and Alex O'Brien were present. The other member of the board was not in attendance. The records of this meeting disclose that on that date a motion was passed that the appellee be employed as a schoolteacher for a term of nine months, at a salary of $60 per month. Pursuant to this motion the contract in question was signed by the appellee and the president of the School District.

On March 27, 1937, T. L. Coughlin filed in the office of the county auditor of Monroe county, Iowa, a statement of contest. On April 26, 1937, a hearing was had before the contest court, in the manner as provided by law, and it was held by that tribunal that the votes of the persons challenged at the school election were illegally received and counted, to the detriment of the contestant, T. L. Coughlin. It was the further conclusion of that court that all of the challenged votes were cast in favor of Alex O'Brien and that these votes should be deducted

from the total amount of votes received by him in the election. The contest court further held that T. L. Coughlin, the contestant, was the duly elected director and was entitled to his certificate of election and should be sworn in and recognized as such director.

The appellant District contends, as a basis for a reversal of the trial court's action, that it erred (1) in holding that Alex O'Brien, the de facto director, could exercise the authority of that office and vote for the election of a schoolteacher for the appellant District; and in holding that the contract which he authorized by his vote was binding upon the District; and in further holding that the appellee was not so acquainted with the status of Alex O'Brien as a de facto officer as to charge her with notice of the claimed defects of the holding of said office; (2) that the trial court erred in sustaining the objection of counsel for appellee to a question propounded on cross-examination to one of the witnesses for the appellee as to who was with him when he consulted with attorneys about the election contest.

The trial court filed a written opinion in this case in which it held that there was not sufficient evidence showing that the appellee was fully acquainted with the status of O'Brien as a school director. It further held that knowledge that a contest has been filed by a defeated candidate, or that a dispute has arisen over the legality of the election, is not sufficient to preclude a person from relying upon the acts of a claimed de facto officer. The court further held that there was not sufficient evidence to show that the appellee was guilty of perpetration of or participation in any fraud in connection with the election. It held that a claim of this character must be established by clear, convincing, and satisfactory evidence, and that the record in this case falls short of this requirement. By reason of the conclusion stated, the trial court held that judgment should be entered in favor of the appellee for the amount of her claim.

The law that is applicable to the facts in this case is not in dispute. The controversy has developed by reason of the application of the facts as presented by this record to the rules of law in question.

The law applicable to the acts of a claimed de facto officer

has been set out in the case of Metropolitan Nat. Bk. v. Commercial State Bk., 104 Iowa 682, 687, 74 N. W. 26, 28, where it is stated:

"It is the well-settled general rule that the acts of officers *de facto* are as valid and effectual, where they concern the public or the rights of third persons, as though they were officers *de jure,* and that their authority to act cannot be questioned in collateral proceedings. People v. Nelson, 133 Ill. 565 (27 N. E. Rep. 217); People v. Payment (Mich.), 67 N. W. Rep. 689; Clark v. Town of Easton, 146 Mass. 43 (14 N. E. Rep. 795); Petersilea v. Stone, 119 Mass. 465. See, also, Lufkin v. Preston, 52 Iowa, 238; Desmond v. McCarthy, 17 Iowa, [525] 526."

The rule of law last stated is, however, subject to an exception that where a person is chargeable with the knowledge of the defect in the title of a claimed officer to his office the general rule would not apply.

This last statement is borne out in the case of Oliver v. City of Jersey City, 63 N. J. L. 634, 641, 44 A. 709, 712, 48 L. R. A. 412, 76 Am. St. Rep. 228, where the following statement is made:

"But this legal protection is not afforded where the defects in the title of the officer are notorious and such as to make those relying on his acts chargeable with such knowledge. What, then, may be considered notice sufficient to warn third persons and the public? The expiration of the term of an officer and the appointment or election and qualification of his successor, the resignation of a public officer, the abolition of the office itself by an act of the legislature, the refusal of the board or legislative body of which the officer is a member to recognize him, or the judgment of a court against the title of- the officer, are such facts as third persons and the public are, as a general rule, required to take notice of."

We have given careful consideration to the record in this case, and, in applying the conditions under which knowledge may be charged to the public or a third person, we find that not any of the circumstances under which the appellee in this action

could be charged with knowledge of the status of the de facto officer are present.

This action is a law action but was tried to the court, a jury having been waived. In a review of a trial under these circumstances we are restricted to the consideration of whether or not the findings and conclusions of the court are supported by substantial evidence. If there is substantial evidence on which the trial court's conclusions are based we will not disturb upon appeal. Crouse v. Cadwell Co., 226 Iowa 1083, 1086, 285 N. W. 623, and cases therein cited.

Counsel for appellant have claimed as error the limitation of their cross-examination of one of appellee's witnesses. It is suggested in the argument that if this witness had been permitted to answer the question propounded, the appellant would have been able to elicit the fact that the appellee had knowledge of the proposed election contest. In the light of the New Jersey authority previously quoted, and its application to the facts in this case, we do not see that knowledge could be imputed to the appellee even if it had been shown that she was present at a conference relative to the election contest. Consequently, we cannot hold that error has been committed by the limitation of the cross-examination.

It might be stated, in conclusion, that no defense was raised in the district court or in this court based upon the fact that the appellant School District had previously paid a salary to another schoolteacher for the period covered by appellee's contract, and we do not pass upon that issue.

It is our holding that the trial court was correct in its conclusion and in the entry of the judgment. We therefore affirm. —Affirmed.

All JUSTICES concur.