HARRY LUPPES, Appellee, v. E. P. HARRISON, Appellant.

No. 47235.

(Reported in 32 N. W. 2d 809)

JUNE 15, 1948.

R. G. Remley, of Webster City, for appellant.

Prince & Guthrie, of Webster City, for appellee.

WENNERSTRUM, J.—Plaintiff seeks recovery of damages sustained as the result of defendant's claimed negligence in driving his truck into plaintiff's automobile which was parked off a paved highway. The defendant claimed that a car had suddenly driven onto the highway in front of him causing an emergency which necessitated the application of the brakes of his truck causing the resulting skidding of it into plaintiff's car. The case was tried to the court, a jury having been waived. Judgment was entered in favor of the plaintiff and defendant has appealed.

The collision occurred about 4 p.m. on November 28, 1944, at or near the intersection of north-and-south Highway No. 69 and east-and-west Highway No. 20. Highway No. 69 does not cross Highway No. 20 at right angles, the north portion of Highway No. 69 being a short distance to the east of the portion of the highway extending to the south, thus forming an "S" curve. A gasoline station is situated to the southeast of the intersection of the two highways and adjoins both of these roads for a distance of 140 feet. The station is about 50 feet from the pavement on each highway and the space between the building and the pavements is gravel surfaced. On the day of the collision there had been rain, sleet and snow and the pavement was in a slippery condition. Appellee's automobile was parked on the graveled drive at a point about 20 feet south of the east and west pavement. There is a "slow" sign to the east of the north portion of Highway No. 69 on Highway No. 20

and at this point appellant, who was proceeding west, claims he slowed down his speed to 20 to 25 miles per hour and did not increase it. He testified that as his truck approached the intersection a car pulled out ahead of it from the north portion of Highway No. 69 without stopping for a "stop" sign and proceeded in a westerly direction at an approximate speed of 30 to 35 miles per hour when the appellant's truck was only 50 feet away. There was no obstruction to the view of the highway to the north from Highway No. 20. It is further shown that there were no other parked cars between that of the appellee and the south edge of Highway No. 20. It is the claim of the appellant that by reason of the car driving out in front of him an emergency developed and that he applied his brakes causing his truck to skid from the north side of Highway No. 20 and to strike appellee's car. As the result of the impact the parked automobile was moved 20 to 40 feet west of its original location.

The appellee in his petition has alleged that the collision was caused by the negligence of the appellant in that he was driving his truck at an excessive and dangerous rate of speed under the existing conditions; that appellant failed to drive his truck in a careful and prudent manner in that he was driving at a speed greater than was reasonable and proper, having due regard to the traffic, surface and other conditions that then existed on the highway at or near the intersection; that his truck had defective brake equipment; that he failed to keep a proper lookout; and in not being able to stop his truck within the assured clear distance ahead. The appellee further alleged that he was free from contributory negligence. The appellant denied the allegations of appellee's petition.

The trial court found that by reason of the "slow" sign which was on Highway No. 20 east of the intersection the appellant should have realized he was driving in a hazardous zone and that in suddenly applying the brakes and turning his truck to the left with its resulting skidding he was guilty of failing to drive his car in a careful and prudent manner and at a speed that was reasonable and proper under the circumstances. The court further found that there was no contributory negligence on the part of the appellee in that his car was parked

off the highway near the oil station where it had a right to be. It further found that the appellee had met the burden of proof required and that damages should be recovered by him. In connection with the appellant's claim that an emergency had been created prior to the time of the collision the court found that when the car from the north drove onto the highway the appellant had not reduced the speed of his truck after it had passed the "slow" sign. It further found that the appellant, by his own admissions, would never have come in contact with the car entering from Highway No. 69 in that this car was being driven at a speed greater than that of the appellant's truck. It further found that as a reasonable, prudent person the appellant should have known that the sudden application of the brakes on slippery pavement and the turning of his truck to the left would cause it to skid. The court further found that if appellant had been driving his truck at a proper rate of speed under the circumstances he could have passed to the south of the automobile that had entered Highway No. 20 from the north. The court held that such a set of circumstances did not create an emergency that would relieve the appellant of the consequences of his own negligent acts.

The appellant asserts as grounds for reversal that the court erred in holding that the appellee had by a preponderance of evidence sustained the burden of proof imposed on him to prove that his damage was the result of any negligence on the part of the appellant; that the appellee had sustained the burden of proof that he was free from contributory negligence; that the negligence of the appellant was the proximate cause of appellee's damages; in failing to give proper interpretation to the evidence; and in holding that the burden was on appellant to show that an emergency had developed which would excuse his claimed negligent acts.

■■ I. This case, as previously stated, was tried to the court. The findings of the trial court as to fact questions, under these circumstances, have the force and effect of a verdict by a jury. Crouse v. Cadwell Trans. & Stor. Co., 226 Iowa 1083, 1086, 285 N. W. 623; Heyland v. Wayne Ind. Sch. Dist., 231 Iowa 1310, 1315, 4 N. W. 2d 278. They will not be set

aside unless it is shown that the evidence presented is such that the court, as a matter of law, should have directed a verdict in favor of the appellant if the case had been tried to a jury. We do not believe that the evidence in this case justifies our holding that a directed verdict would have been warranted on proper motion. The trial court found that the appellant had failed to drive his truck in a careful and prudent manner and at a speed that was reasonable and proper under all the circumstances then existing and that these negligent acts were the proximate cause of the damages sustained. It also found that the appellee was free from contributory negligence. The trial court found that as to all of these facts the appellee had sustained his burden of proof. We do not see how it could be held that the appellee was guilty of contributory negligence in parking his automobile 20 feet off the paved highway. It is our further conclusion that had there been a jury there was ample evidence for the submission of this case to it on the question of appellant's negligence as to the manner in which he was operating his truck immediately prior to the time it struck the appellee's car. We hold that the trial court's finding of negligence on the part of the appellant was amply justified.

II. The appellant maintains that an emergency had developed by reason of the automobile entering Highway No. 20 from the north at a time when the appellant's truck was only 50 feet away. Whether or not an emergency had developed was a fact question. The trial court found that no emergency had been created. If we were to hold for appellant on this contention we would have to state that the evidence was such that a directed verdict would have been justified. The record does not warrant such a ruling. .

In the case of Young v. Hendricks, 226 Iowa 211, 213, 283 N. W. 895, 897, we find discussion of a fact situation in part analogous to the facts in the instant case. In the cited case there was an icy condition on the street which the appellant claims "* * * caused his car to slide when he applied his brakes upon observing the appellee's automobile and made it impossible for him to control his car * * * and also that an emergency confronted him * * *."

We therein stated at page 216 of the Iowa Report, page 898 of the North Western citation as follows:

"* * * a legal excuse is 'anything over which the driver has no control which places his car in a position contrary to the provisions of the statute or ordinance.' Appellant's argument that the icy condition of the street caused his car to slide when he applied his brakes and was something over which he had no control and therefore the condition of the pavement constituted a legal excuse cannot be sustained. While we agree with appellant that the 'icy condition of the street was something over which he had no control', he was responsible for the control of his car while driving on the ice and was required to use care commensurate with the dangerous condition of the highway."

■ The burden of proof as to the allegations of appellee's petition at all times rests upon him but it is not incumbent upon the appellee to prove that no emergency existed. It is the duty of the appellant to support this allegation of his defense. It is also incumbent on the appellant to sustain his contention that such an emergency had developed as would constitute a legal excuse. The nature and extent of an emergency is generally a fact question. This was our holding in Babendure v. Baker, 218 Iowa 31, 33, 34, 253 N. W. 834, 835, where the situation presented was somewhat similar to the instant case. We there stated:

"It is the contention of appellant that the driver of the east-bound automobile was confronted with an emergency created by the approach of the west-bound car on the wrong side of the pavement weaving from side to side, and that the driver made the turn to the left in a good-faith effort to avoid a collision with the approaching automobile, and that, in doing so, he was in the exercise of due care. The presence of the Buick automobile on the wrong side of the pavement was *prima facie* evidence of negligence. Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Ryan v. Perry Rendering Works, 215 Iowa 363, 245 N. W. 301; Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569; Albert v. Maher Bros. Trans. Co., 215 Iowa 197,

243 N. W. 561; Harvey v. Knowles S. & M. Co., 215 Iowa 35, 244 N. W. 660.

"Under the foregoing facts, the duty to provide a legal excuse for the presence of the automobile on the left, or wrong, side of the pavement rested upon appéllant.

"The question is: Was the driver of the Buick car confronted by such an emergency, not of his own making, as excused him from obeying the statute which required him, upon meeting the west-bound automobile, to keep to the right? * * *

"The driver of an automobile, when confronted upon a public highway with a sudden emergency, not of his own making, is not bound to exercise the highest degree of care. He must, however, exercise such care as a reasonably careful and prudent person would exercise under similar circumstances. *The burden in this case, under the facts disclosed, rested upon appellant to show a legal excuse for the presence of the Buick automobile on the wrong side of the pavement.* The question, therefore, is: Was sufficient evidence introduced upon the trial of a sudden emergency confronting the driver of the automobile, which was not of his own making, to justify the submission to the jury of the issue of a legal excuse? The law applicable to the facts before us has been recently and in many decisions of this court stated and restated. What is said in Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, is sufficient at this point. * * * The pavement was more or less frosty. One of the witnesses testified that it was covered by a heavy frost. There was a curve in the highway which may have had something to do with the position on the pavement of the respective automobiles. It is not the province of this court to pass upon disputed questions of fact nor to determine the credibility of witnesses. The question here presented would seem to be one of fact rather than of law. This court is of the opinion that an issue was presented for the jury and that the motion for a directed verdict was erroneously sustained. It follows that the judgment must be, and is, reversed." (Italics supplied.)

We have given consideration to the case of Carstensen v. Thomsen, 215 Iowa 427, 245 N. W. 734, which the appellant

claims is controlling in the instant case. It was there held that where a car backed out in front of a truck when it was 10 or 15 feet from the driveway from which the car was backing there was created such an emergency as to warrant a directed verdict for the truck driver. The facts are not similar. In the instant case the car that drove onto Highway No. 20 was being driven at a rate of speed of 30 to 35 miles per hour while the appellant was driving, as he testified, at a rate of 20 to 25 miles per hour. Then, too, the appellant's truck was at least 50 feet away from the car as it entered the highway. There was no approaching car from the west and appellant could have driven his truck to the south side of the paved highway if he had been driving it as a reasonably prudent person should.

In the case of Carpenter v. Campbell Automobile Co., 159 Iowa 52, 62, 140 N. W. 225, 229, this court in passing upon the question as to the sufficiency of the evidence to submit the defense of an emergency stated:

"This question was clearly for the jury, and the motion, so far as based upon this ground, was properly overruled, for the reason that it was for the jury to say whether the injury complained of could have been avoided, notwithstanding such emergency, by the exercise of reasonable care, and to say whether or not the defendant Black, notwithstanding the emergency, could by the exercise of reasonable care on his part have prevented the injury. One cannot shield himself behind an emergency created by his own negligence."

Upon the whole record we hold no emergency had been created that would have justified a directed verdict as a matter of law, that the judgment was properly entered in favor of the appellee, and that the trial court should be affirmed.—Affirmed.

All JUSTICES concur.