LUCILLE KISLING, Appellee, v. ELMER THIERMAN et al., Appellants.

No. 41166.

JUNE 24, 1932.

Page & Norelius and Burnstedt & Hemingway, for appellee.

Putnam, Putnam & Forrest, for appellants.

ALBERT, J.—About 7:30 on the night of October 24, 1929, the plaintiff was riding in an automobile, driven by her brother and owned by her father, on primary road No. 4, running north and south through the town of Deloit in Crawford county. The night was dark and rather foggy and they were traveling in a southerly direction, and as they passed over the top of a hill, they had a collision with a truck owned by the defendant, traveling ahead of them in the same direction. As they reached the top of the hill, another car came from the south, with its lights on, and after this car had passed, they discovered the truck ahead of them; and in seeking to avoid a collision with said truck, the right front part of the car in which plaintiff was riding struck the rear of the truck, resulting in injuries to the plaintiff on which she bases this action.

The second count is based on the assignment to the plaintiff by the father, the owner of the car, of his claim for damages for injuries to the car.

I. The court gave the following instruction to the jury:

"No. VI. You are instructed that it is the law of this state that every motor vehicle when in use upon the highway shall display on the rear a lamp so constructed and placed as to show a red light from the rear, and throw a white light directed upon the rear registration numerals thereon visible for at least fifty feet in the direction from which the vehicle is proceeding, and a failure so to do would in itself be negligence, and if damage proximately resulted therefrom and the person damaged was not herself contributorily negligent, then the driver of the motor vehicle thus operating would be liable."

It will be noted that this instruction tells the jury that a failure to display a lamp showing a red light on the rear of the car would "in itself be negligence." This instruction is assailed on the ground that it is not a correct statement of the law governing such cases because a failure to display such lamp is only prima-facie negligence.

Section 5020, Code 1931, reads as follows:

"Persons on horseback, or in vehicles, including motor vehicles, meeting each other on the public highway, shall give one-half of the traveled way thereof by turning to the right."

In the early history of this state, with the slow-moving vehicles we had in those days, the law was not very clear, as is shown by Section 908, Code 1860; which provided that "persons meeting each other on any of the public highways of this state, shall give one-half of the same by turning to the right."

This section was re-enacted as Section 1000, Code 1873, and it so read until the adoption of the Code of 1897. When the Code of 1927 was adopted, this section was amended so as to include motor vehicles, and was so carried forward to the Code of 1931. Since the advent of faster-moving vehicles, special statutes have been enacted from time to time in relation thereto, but this section of the statute has been undisturbed in so far as roads outside of cities and towns are concerned. The general theory of this court in relation to this statute has been that on such highways, the driver of a vehicle has a right to use any part of the road he sees fit, except when meeting another vehicle, when he is required to give one-half of the traveled way by turning to

the right. In pursuance of this thought, this court has consistently held that the fact that a vehicle is traveling on the wrong side of the road is only prima-facie evidence of negligence. . The first expression of the court was in Riepe v. Elting, 89 Iowa 82, and we have followed this pronouncement consistently in the following cases: Cook v. Fogarty, 103 Iowa 500; Carpenter v. Campbell Automobile Company, 159 Iowa 52; Herdman v. Zwart, 167 Iowa 500; Baker v. Zimmerman, 179 Iowa 272; Swanson Auto Co. v. Stone, 187 Iowa 309; Cooley v. Killingsworth, 209 Iowa 646.; Sergeant v. Challis, 213 Iowa 57.

In Carlson v. Meusberger, 200 Iowa 65, and Hansen v. Kemmish, 201 Iowa 1008, suggestions that certain distinctions might be made have received no further attention from this court in subsequent cases, nor were the opinions in those cases turned on the suggested distinction.

Although this doctrine is inconsistent with the pronouncement we are making in this case, the majority of the court is of the opinion that this line of decisions, under the aforesaid section of the statute, should not be disturbed, in view of the fact that it has been the recognized doctrine of this state since the enactment of the aforesaid section in the Code of 1860. It is therefore the law that where an accident occurs outside of cities and towns, the fact that the vehicle is on the wrong side of the road is only prima-facie evidence of negligence.

This alleged error necessitates a review of our cases relative to a failure to comply with statutes or ordinances, which cases, we must confess, are apparently in confusion.

As to the question of excessive speed, by virtue of a statute passed in 1910, which was in operation until 1919, when it was repealed, excessive speed was prima-facie evidence of negligence. Omitting the cases which were decided while this statute was in operation, our cases are as follows: In Faatz v. Sullivan, 199 Iowa 875, we held that a failure to obey a statute of this kind was negligence *per se*. See also Codner v. Stowe, 201 Iowa 800, and Hansen v. Kemmish, 201 Iowa, 1008.

As to the question of signaling or sounding a horn, we held in Carlson v. Meusberger, 200 Iowa 65, and Sexauer v. Dunlap, 207 Iowa 1018, that a failure to do so was negligence *per se,* and in Voiles v. Hunt, 213 Iowa 1234, that such failure was prima-facie evidence only.

From the sum total of our cases, regardless of the question involved, we find that in a general way, some cases have held on some phase that a violation of an ordinance or statute is negligence *per se*. Omitting the cases which are governed by specific statute, we have held in other cases, on one phase or another, that a violation of an ordinance or statute is only prima-facie evidence of negligence.

This apparent conflict in our opinions should be eliminated and a definite and certain rule fixed so that the bench and bar will have a definite guide in the trial of cases of this kind. We think the most satisfactory rule would be that, except where by statutory provision it is otherwise specifically provided, the failure to obey any of the provisions of the statutes or ordinances providing the manner, method of the use and operation of vehicles on the highways, including streets, together with any provisions therein governing the equipment of vehicles and the use thereof, should be held to be negligence, and not prima-facie evidence of negligence.

Much of the confusion in our cases involving this question arises from the inapt or unfortunate use of language, such as "conclusive evidence of negligence;" "negligence as a matter of law;" "negligence *per se*;" "prima-facie evidence of negligence;" and "prima-facie negligence."

Statutes and ordinances such as these under discussion are a legislative prescription of a suitable precaution, or a fixing by law of the standard of care which is required under the circumstances, and it must follow that a failure to observe the standard of care thus fixed by law is negligence.

In other words, accurately speaking, where the statute or ordinance has fixed the standard of care, the failure to observe such standard is negligence, and when in the trial of a case,—the other elements being proven,—it is shown that the defendant failed to observe the standard of care thus fixed, a case is made for the jury in the first instance. In such case, the defendant may offer proof excusing his failure to observe such legal standard of care. If, however, he fails to furnish proof of such legal excuse, then it is accurate to say that negligence is established as a matter of law.

With this thought in mind, and in accord with this idea, a court is warranted in saying to the jury that if the defendant

failed to observe the standard of care thus fixed by statute, he is guilty of negligence, unless he has shown a legal excuse for failure to observe the requirements of the statute or ordinance, and in case he has so shown such legal excuse, he is not guilty of negligence. By the term "legal excuse" is meant:

1. Anything that would make it impossible to comply with the statute or ordinance.

2. Anything over which the driver has no control which places his car in a position contrary to the provisions of the statute or ordinance.

3. Where the driver of the car is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute.

4. Where a statute specifically provides an excuse or exception.

It is to be kept in mind in this discussion that we are not considering the question of proximate cause or causal relation between the violation of a statute and the injury of which complaint is made, but we are discussing only the question whether the violation of the statute or ordinance is negligence, or only prima-facie evidence of negligence.

The rules here announced are to govern in all such cases, regardless of anything said in prior opinions.

Turning now to the facts in the case for an application of this rule, we find that as to the question of a tail light, we have specific statutory provisions. See Section 5045, Code 1931, which reads as follows:

"Such motor vehicle when in use or parked upon or immediately adjacent to the traveled portion of the highway shall also display on the rear a lamp so constructed and placed as to show a red light from the rear and throw a white light directed upon the rear registration number and render the numerals thereon visible for at least fifty feet in the direction from which the vehicle is proceeding."

The above section must be read in relation with Section 5048 of the same Code, reading as follows:

"The operator of any motor vehicle may proceed toward his destination in a cautious and careful manner in the event of a failure of one or more of his lights to operate, but he shall be

deemed guilty of a violation of the foregoing provisions, unless he puts his lights in order at the first reasonable opportunity."

Here the legislature has made a specific excuse, under certain conditions, for driving a car without lights. When we turn to the record to find the excuse offered by the defendant for driving his car without having the tail light in operation, we find the substance of his testimony as follows: This accident occurred about 7:30 o'clock on Saturday night in October, 1929. The head lights and tail lights were on the same circuit, and were turned on by a switch on the dashboard of the car. On the Thursday afternoon before, defendant had greased the car and inspected the lights and found them in proper condition. On cross-examination he said he could not find the tail light of his car after the accident, and the last time he saw it on the car was Thursday previous. He was asked the question, "As far as you know, that tail light might have fallen off before that time, might it not?" and he answered, "Well, I wouldn't swear to it; it might have and it might not." He said he would not swear that the tail light was burning.

It is quite apparent from the testimony of the driver of this car that he did not in fact know whether there was a tail light attached to the car at the time and did not know whether it was burning. This would not amount to an excuse under the provisions of the statute which provides, in substance, that if lights fail to operate, the operator "may proceed toward his destination in a cautious and careful manner." The defendant offers no other excuse whatever for not having the tail light burning, and aside from this, he did not ask the court to instruct along this line; hence the instruction given by the court fitted the situation he had before him, and is not subject to the objection lodged against it.

Another error claimed by the defendant is that under the evidence, as a matter of law, plaintiff was guilty of contributory negligence, and therefore the motion to direct a verdict based on that ground should have been sustained. With this we can not agree, as we feel that under the evidence, the question of contributory negligence on the part of the plaintiff was for the jury.

Objection was also lodged against the instruction submitting the second count, covering the damage to the car owned by

the father of the plaintiff, which claim was assigned to her. We think the evidence introduced, however, on the question of damage to the car, was sufficient to carry the case to the jury.

■ Objection is lodged against an instruction which told the jury, in substance, that "while there is no testimony before you placing an estimate in dollars and cents upon the amount of damage, if any, sustained by the plaintiff by reason of her alleged pain and suffering, or the pain and suffering which she may endure in the future, it is your duty, in the light of the evidence, to determine, in the exercise of a fair discretion, what, if any, sum she is entitled to for such pain and suffering, as will compensate her for the pain and suffering claimed by her to have proximately resulted or will proximately result by reason of the alleged injury."

We think the qualification in two places in this instruction by the use of the term "if any" frees the instruction from the objections lodged against it.

We find no reversible error in the record, and the case is affirmed.—Affirmed.

All justices concur.