## COOK PAINT & VARNISH CO. v. HICKLING.

### No. 10099.

Circuit Court of Appeals, Eighth Circuit.
April 4, 1935.

Herbert E. Story, of Omaha, Neb. (John C. Thomas, of Omaha, Neb., and Raymond A. Smith, of Council Bluffs, Iowa, on the brief), for appellant.

Amos E. Henely, of Omaha, Neb. (Thomas F. Henely, of Omaha, Neb., on the brief), for appellee.

Before WOODROUGH and FARIS, Circuit Judges.

FARIS, Circuit Judge.

Appellee, as plaintiff below, sued appellant for damages for personal injuries, accruing to her from an alleged negligent collision between a truck of appellant, and an automobile of appellee. The parties will be referred to as they stood in the trial court; namely, as plaintiff and defendant. Plaintiff had judgment pursuant to a jury's verdict for $5,500, for her hurts, for damages to her car, and for physicians' bills, and defendant appealed.

The facts disclosed on the trial were, that on a certain day in September, 1933, while defendant's employee was driving a model A 1930 Ford truck of defendant, on defendant's business, the truck suddenly stopped, and plaintiff, then driving her automobile some two or three car lengths in the rear, ran into the corner of the truck, in an effort to swerve, and sustained the injuries complained of. The record is dark upon the point, whether plaintiff was hurt in the collision with the truck, or was hurt by collisions with two other automobiles. But no point is made of this, and, under the famous Squib case, it is wholly irrelevant, since it is not disputed that the collision with the truck was the proximate cause of the injury to plaintiff. The simple history of the collision is, that in broad daylight, both the truck and the automobile were being driven along a public street in Council Bluffs, Iowa. Both vehicles were going some 25 miles an hour, which was

not in excess of the local speed limit. While thus proceeding, the truck suddenly stopped, and plaintiff, then as' said, two or three car lengths in the rear, attempted, but was unable to turn out, and the collision happened. No signal was given by the truck driver. He admits this, but says he had no time to give a signal. He turned his truck toward the curb, but the drive wheels of the truck had locked. At the moment of the collision the truck's front wheels were about five feet from the curb, while the rear of the truck was to a degree diagonally across the street.

The cause of the sudden stopping of the truck was that four of the six bolts, with which the two plates of the driving gear housing are held together, had fallen out, and the other two had become so worn and loosened as to permit the drive shaft gearing to become disengaged from the other cogwheels of the transmission; thus locking the brakes, by affecting the differential and disengaging the drive shaft, so that it could not transmit power to the rear wheels. Two of these bolts had disappeared; two others were found some two feet in the rear of the truck. The other two were in the plates, but very loose and badly worn.

Plaintiff pleaded two alleged acts of negligence: (a) That the driver of the truck gave no signal at or before the truck stopped; and (b) a negligent failure to inspect the transmission housing and discover and repair the defective condition thereof. Defendant relied in defense on contributory negligence and a general denial. The alleged contributory negligence of plaintiff was bottomed on excessive speed, for that she was driving at a speed greater than was reasonable and proper, and at a speed so great as not to permit her "to bring" her car "to a stop within the assured clear distance ahead." Code Iowa 1931, § 5029.

There was no evidence of excessive speed, that is, of a speed which exceeded the statutory limit of 25 miles an hour for the time and place of the collision. Both the truck driver and the plaintiff fixed the speed of both the truck and the automobile at 25 miles per hour, and no witness disputed the fact. In fact, all inferences which arise from the evidence induce the conclusion that if the truck was not going over 25 miles, then the automobile of plaintiff was not exceeding the speed limit, as fixed by statute.

The other alleged act of contributory negligence is pleaded very generally by a charge that plaintiff was operating her automobile in a manner which violated the provisions of sections 5029 and 5030 of the Code of Iowa of 1931. Eking out as best we can what particular part of section 5029, supra, was relied on by defendant, we conclude that defendant intended to rely on the defense that the speed of plaintiff's automobile was such that she could not stop her car in the space of two or three car lengths. This view defendant's brief corroborates. In other words, she had crowded the truck so closely that, her rate of speed considered, she was unable to stop the car in time to avoid a collision with the truck. Stated yet another way, that plaintiff's crowding of the truck put her so near thereto, that, when the truck suddenly stopped, she was not able to "stop within the assured clear distance ahead." Section 5029, Code of Iowa, 1931.

At the close of the evidence on the part of plaintiff, the defendant prayed the court to instruct the jury to find for the defendant. This request the court denied. Defendant then offered its evidence, and, again, at the close of all the evidence in the case, demurred to the sufficiency thereof, and requested a peremptory instruction, which the court likewise denied. In this situation, plaintiff insists that this court may not inquire into the sufficiency of the evidence to warrant recovery. Cases are cited by plaintiff to sustain this contention. But unfortunately these cases are not applicable to the facts before us. It is, of course, settled that ordinarily an appellate court will not consider an attack on the sufficiency of the evidence in a case where defendant offers evidence after his motion for a directed verdict has been overruled; unless, after all of the evidence has been heard, the defendant properly renews his objection to the sufficiency of the evidence, and requests the trial court to charge the jury to find for defendant. Unless defendant shall renew his request after putting in evidence on his behalf, he is deemed to have waived the point of lack of sufficient evidence. He may, however, even after such tentative waiver, keep the objection alive, by requesting the court at the close of all of the evidence to charge the jury to find for the defendant, or by such other action as is tantamount thereto. In other words, a defendant who prays for a directed verdict at the close of the plaintiff's case, then offers evidence, in defense, and at the close of all the evidence again prays for a direct-

ed verdict, loses no right. He merely takes the risk that his evidence may strengthen the case of the plaintiff. The true rule is laid down in the case of United States v. Alberty (C. C. A.) 63 F.(2d) 965, which upon the point accords with what is here said. So being permitted to examine whether plaintiff's evidence was, on the point of showing negligence on defendant's part, sufficient to go to the jury, we are of opinion that it was.

■■ Laying aside presently the contention of defendant that the collision was caused by the contributory negligence of plaintiff, we think each alleged act of negligence on defendant's part was shown, to an extent which warranted taking the jury's finding thereon. The truck driver gave no signal that he was going to stop. He admits this, and says he intended to turn into the curb and stop before the truck quit going, but as an excuse he says he had no time to make a signal before the following automobile hit his truck. If he had made up his mind to stop, he was bound to signal the fact. If he had time to slow down, as he admits he did, he had time to signal. If the mere fact that his sudden and involuntary stopping stood alone, it would doubtless afford a legal excuse for failing to give a signal. But it does not stand alone. The truck had been making rather loud and unusual noises, and had begun to slow down for some seconds before it suddenly stopped. Whether in the light of the duty incumbent on a driver of a motor vehicle it was not required of him to get off the main line of traffic, pull into the curb, and stop and examine as to the trouble, was, we think, for the jury. If there had been no warning to him beforehand of trouble, and the car had without more suddenly quit, he would, we think, have been excused from giving any signal; but that was not the fact here.

■■ Again, the physical facts as to the condition of the transmission housing and the bolts tend plainly to show that this housing had been for some time out of repair. This is shown not only by the uncontradicted testimony as to condition, but by the worn and distorted condition of this housing and some of the bolts which have been brought up to this court as exhibits, and are now before us. These things corroborate the oral testimony, if corroboration were necessary when physical facts speak. The two plates, as already said, which make up this housing and which hold up the drive shaft and retain it in position, are held in place by six three-eighths inch bolts. Two of these bolts were never found; two of them were found lying on the ground some two or three feet in the rear of the truck; other two were in the plates, but badly worn and loose.

There was testimony that the condition as to absence of some, and looseness of others, of these bolts could be seen by a merely casual inspection of the truck. This answers the contention, of defendant that the condition of the truck was not known and could not have been known by it. It is also contended that there is no evidence as to how long the truck had been out of repair in the behalf shown by the evidence. The answer to this is found in the physical condition of the housing and the worn condition of the bolts, we think. At least it made a question for the jury. Of course, it is settled that even a discoverable defect does not spell negligence, if not actually known, till after a reasonable time has been afforded to discover it. Here we think it was proper to let the jury determine how long it would take to bring about the condition of wear, disrepair, and distortion observable in the physical exhibits.

■■ But the most serious contention made by defendant, and that most strongly relied on in its brief, is that plaintiff was herself guilty of negligence directly contributing to her hurt. Imprimis, defendant erroneously insists that the burden to prove that she was not guilty of contributory negligence rested on plaintiff and not on defendant; that it was a condition precedent to recovery. This may well be, and seemingly is, the rule in the state of Iowa, where the cause of action accrued. But it is not, and has never been, the rule in the federal courts, wherein contributory negligence is an affirmative defense. Chicago Great Western Ry. Co. v. Price (C. C. A.) 97 F. 423; Washington & G. Railroad Co. v. Gladmon, 15 Wall. 401, 21 L. Ed. 114. And this is the rule, notwithstanding the accrual of the cause of action in a jurisdiction wherein the local rule makes freedom from contributory negligence, in a person sui juris, a condition precedent to recovery and thus puts· the burden on plaintiff. Chicago Great Western Ry. Co. v. Price, supra. Of course, if the testimony of the plaintiff shows contributory negligence, defendant may avail himself of it, and this, too, even if he has not pleaded it. Tannehill v. Railroad, 279 Mo. 158,

213 S. W. 818. Here, everything bearing on this defense came from the plaintiff's own testimony. At the risk of repetition, the plaintiff testified that she had been driving behind the truck for a number of blocks; that in the beginning there were two other cars between her and the truck, but these had turned off; that she was following the truck, two or three car lengths behind, accommodating her speed to that of the truck; that just before the truck finally stopped she heard a loud noise coming from some part of the truck, and the truck slowed down; that she applied the foot brake and slowed down, retaining her position two or three car lengths in the rear; that the truck suddenly stopped, after the rear end had swung more toward the center of the street and into her path; that she could not stop quick enough, and so attempted to swerve around the rear end of the truck, but it swung out and collided with the right door of her car, and that she had no recollection of striking any other car, because she was dazed. As said already, the truck driver gave no signal or intimation that he intended to stop, or to pull into the curb.

██ Abundant authority is found for the rule which enjoins that: "Where the operator of a motor vehicle by a sudden emergency is placed in a position of imminent danger, and has insufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as is required under ordinary circumstances; and if he pursues a course of action to avoid an accident, such as a person of ordinary prudence placed in a like position might choose, he is not guilty of contributory negligence even though he did not adopt the wisest choice." Woody v. Utah, etc., Co. (C. C. A.) 54· F.(2d) 220, 222, citing many cases.

██ Nor is the rule in Iowa different, notwithstanding the provisions of section 5029, Code of Iowa 1931, which are strongly relied on by appellant. For in the case of Howk v. Anderson, 253 N. W. 32, 33, lately decided by the Supreme Court of that state, it is said: "While it is true that even in the country the driver of an automobile must so control it that he may *stop within the assured clear distance ahead,* yet this duty does not extend so far as to require that it must always be possible to bring a car to an immediate stop on the sudden arising of a dangerous situation which the driver could not have reasonably anticipated.

Lindquist v. Thierman [216 Iowa, 170] 248 N. W. 504, 87 A. L. R. 893." (Italics ours.)

To the same effect, and using much the identical language, is the case of Babendure v. Baker (Iowa) 253 N. W. 834.

This case does not carry us so far afield as to make necessary any discussion touching whether the Iowa statute here so strongly relied on by defendant makes the violation thereof negligence per se, or merely makes such violation prima facie negligence, subject to be excused or rebutted. The Iowa cases speak for themselves. For it seems that prior to the case of Kisling v. Thierman, 214 Iowa, 911, 243 N. W. 552, there had been a diversity of opinion in that state, as to whether the violation of an ordinance or a statute created negligence per se, or whether it was only prima facie evidence of negligence. In the Kisling Case, supra, the court attempted to reconcile this diversity of opinion, or, to be more accurate, *to settle it,* by holding that violation of such an ordinance or statute constituted negligence per se. But thereafter the point thus settled was seemingly again unsettled by the very late case of Babendure v. Baker, supra, wherein it was held that such violation created prima facie evidence of negligence, and put the burden on him who violated the law to establish a sufficient excuse for such violation. But as is obvious, in the light of what is said on the precise question here, in the Iowa cases cited and quoted from, the seeming dispute is merely academic, so far as concerns the case at bar.

██ Clearly, the plaintiff, confronted suddenly as she was by a wholly unexpected situation, was not required to nicely pick and choose and correctly weigh the means of avoiding the imminent danger confronting her. So, even if it be conceded that if she had put on the emergency brake, instead of attempting to swerve around the truck, the collision might not have occurred, she is yet not to be convicted of contributory negligence for her failure to do so. We conclude that a case was made for the jury, and that no error was committed by the trial court in so ruling. Nor do we think we are warranted in ruling that the maintenance of a space of only two or three car lengths between cars, which have slowed down from a speed of twenty-five miles an hour, is negligence as a matter of law, in a case as here, where there is no evidence as to the distance in which

plaintiff's car could have been stopped. If we cannot so declare the fact under the law, the question of negligence was for the jury.

Defendant urges that error was committed by the trial court in permitting the driver of the truck, who testified for the defendant, to be asked and to answer whether the license number on the truck was a local, or a commercial, license number. It nowhere clearly or definitely appears wherein defendant was hurt, or at all prejudiced by the answer to this question, and so this alleged error is rendered harmless matter by the statute of jeofails. Section 391, tit. 28 USCA. But even if this were not so, no objection was anywhere made to the questions about the license, save that they were irrelevant, incompetent, and immaterial, or simply immaterial. This under the situation here was insufficient to require this court to review this assignment. United States v. Nickle (C. C. A.) 70 F.(2d) 873.

It follows that the judgment should be affirmed, with costs.