HENRY BLETZER, Appellee, v. ED WILSON, Appellant.

No. 44095.

DECEMBER 14, 1937.

Whitney, Whitney & Stern, for appellee.

Edson & Edson and Putnam, Putnam, Fillmore & Putnam, for appellant.

ANDERSON, J.—We will not go into detail in a statement or discussion of the facts in view of the necessity of a new trial. But briefly, the accident here involved occurred at an intersection of county roads in Buena Vista county, Iowa. One of these intersecting highways ran north and south and the other east and west. On the day the accident occurred, August 11, 1936, the plaintiff, appellee, Henry Bletzer, was proceeding west on the east and west highway, driving a Plymouth automobile, approaching the intersection in question, and the defendant, appellant, was proceeding north driving a Ford car toward the intersection. There was a slight grade on the highway over which the defendant was passing approaching the intersection and there was a field of corn on his right which apparently ob-

structed his view of the road coming from the east until he reached a point some seventy or eighty feet from the intersection. And the same cornfield also obstructed the plaintiff's view of the north and south road probably the same distance. A collision occurred near the center of the intersection and plaintiff claims resulting damages to his automobile and for personal injuries claimed to have been received in the collision. The plaintiff claims that the defendant was negligent: (1) In failing to drive his automobile at a careful and prudent speed and failing to keep his car under control. (2) In operating his car at such a speed and in such a manner as to drive the same suddenly into the car of the plaintiff. (3) In failing to keep a proper lookout. (4) In driving his car into the intersection disregarding the law giving to the car coming from his right the right of way. (5) In failing to apply his brakes and slacken his speed when he approached and drove into the intersection over which plaintiff had the right of way. (6) In failing to operate and have his car under such control that he could stop the same within the assured clear distance. The defendant filed a general denial as an answer to the plaintiff's petition. The court overruled a motion for a directed verdict for the defendant and submitted the case to the jury which returned a verdict for the defendant. A motion for new trial and exceptions to instructions were filed and sustained by the court and from such ruling the defendant has appealed.

The court in ruling on the motion for a new trial and exceptions to instructions used the following language:

"The court finds that certain exceptions to the instructions should be sustained without attempting to point them out in this ruling, and the court sustains generally the motion for a new trial."

The defendant contends that his motion for a directed verdict should have been sustained and consequently there can be no error available to the plaintiff in the manner of instructing the jury; and also contends that the instructions complained of by the plaintiff were correct and not subject to the objections and exceptions interposed thereto by the plaintiff, appellee.

■■■ We do not think there is any merit in defendant's contention that his motion for an instructed verdict should have been sustained. The record clearly presents jury questions both

as to the negligence of the defendant and as to the contributory negligence of the plaintiff. Our statute, section 5035, provides that where two vehicles are approaching on any public highway so that their paths will intersect and there is danger of a collision, "the vehicle approaching the other from the right shall have the right of way * * *". As far as the record shows these intersecting highways were of equal classification and the board of supervisors of the county had taken no action designating the right of way at the intersection in question as being other than as provided by section 5035, and in these circumstances section 5035 governs the right of way at the intersection involved and, under this section, the plaintiff had the right of way over the intersection as against the defendant's car approaching from the plaintiff's left. The defendant testified that he approached the intersection at a speed of about twenty-five miles an hour and that he saw the plaintiff's car approaching some thirty or thirty-five feet before he reached the center of the intersection. The defendant also testified that at the speed he was driving he could have stopped his car within a distance of twenty-five or thirty feet; that he made no effort to stop his car, but accelerated its speed to about thirty-five miles an hour and came into collision with the plaintiff's car at or near the center of the intersection. He further testified that he did not know that the plaintiff had the right of way at the intersection in question and that he thought by accelerating the speed of his car he could clear the intersection and avoid the collision with the oncoming car of plaintiff which, he testified, was proceeding at a much greater speed than was the defendant.

The testimony clearly presented a jury question as to the negligence of the defendant and as to the contributory negligence of the plaintiff. The law, section 5035, clearly erects caution or slow signs at intersections of this kind as against the driver of an automobile who does not have the right of way at the crossing; and a violation of the section mentioned under ordinary circumstances constitutes negligence. Smithson v. Mommsen, 224 Iowa 307, 276 N. W. 47, and cases cited.

**[III]** The other question involved in this appeal is whether or not the trial court erred in sustaining the exceptions to the instructions and the motion for a new trial. We have repeatedly held that this court will not interfere with an order granting a new trial where there is reasonable ground to believe that error

has occurred, and that the trial court is justified in setting aside a verdict when it is satisfied that some injustice has been done or some error committed which affected the result and denied to either party a fair trial. Rupp v. Kohn, 210 Iowa 969, 232 N. W. 174; Raskin v. Sioux City, 198 Iowa 865, 200 N. W. 333; Perry National Bank v. Engnell, 198 Iowa 26, 199 N. W. 283; Morton v. Insurance Company, 218 Iowa 846, 254 N. W. 325; Hunt v. Railway, 188 Iowa 1068, 177 N. W. 48.

It is the settled law of this state that the trial court has a wide discretion in the matter of granting new trials in jury cases, and that an order of the court granting a new trial will not be interfered with on appeal except where it clearly appears that there has been an abuse of that discretion. The trial court has a wider discretion in granting new trials than has this court. In the Hunt v. Railway case, 188 Iowa 1068, l. c. 1074, 177 N. W. 48, 50, we said:

"If the court, upon reflection, or re-examination of the record so made, became convinced that its error could be best mended by ordering a new trial, it was a reasonable conclusion, and wholly within the scope of its judicial discretion. Indeed, even in the absence of any motion therefor on behalf of either party to the suit, the court, if convinced that it had misdirected the jury, and that prejudice to either party resulted, or might have resulted therefrom, could properly order a new trial upon its own motion; * * *."

We have also held that except upon a clear showing of an abuse of discretion the order of the trial court in granting a new trial will not be interfered with upon appeal. Flickinger v. Phillips, 221 Iowa 837, 267 N. W. 101.

The court in the instant case found and determined that there were errors in the instructions and that exceptions thereto should be sustained without attempting to point them out in the ruling. In this ruling we are constrained to hold the court committed no error.

Exceptions and objections were taken to all of the instructions of the court. We will only mention a few of them as in most instances the court gave to the jury correct rules of law.

In Instruction No. 10, the court told the jury that the plaintiff who was approached from the *right* had the right to assume that the defendant would yield him the right of way

providing the two cars were approaching the same intersection at practically the same moment. We do not think this is a correct statement or interpretation of section 5035 of the Code, and such rule would practically nullify the provision in the mentioned section giving to the person approaching from the right the right of way over the intersection. And too, the plaintiff was not approached from the right; under this record he was approached from the left and had the right of way over the intersection as against the defendant's car.

■■■ In Instruction No. 12, the court submitted the contention of the defendant that he was .confronted with a sudden emergency and the court put the burden to overcome this contention on the plaintiff. We do not think this is a correct statement of the law. If a sudden emergency exists then the party making such emergency cannot take advantage of it as an excuse for negligence and, in this case, if a sudden emergency existed at all it could not be taken advantage of by the defendant if it was of his own making to relieve himself from the charge of negligence, and neither could it be taken advantage of by the plaintiff if it was of his own making to relieve himself from the charge of contributory negligence. The existence or nonexistence of a sudden emergency can be available only to relieve one from acts which otherwise would be negligence or contributory negligence. The appellee relies upon the case of McKeever v. Batcheler, 219 Iowa 93, 257 N. W. 567, as sustaining the correctness of the instruction under discussion. But in that case it was the claim of the defendant that he was confronted with an unexpected emergency by reason of the fact that the plaintiff's decedent came unexpectedly and suddenly from a place off the highway. In this state of facts the trial court instructed that the burden was upon the defendant to prove the existence of such an emergency, and this we held error. In the case at bar the court placed the burden of proving the nonexistence of an emergency upon the plaintiff. We think this was error. It is true that in actions of this kind the burden of proof rests upon the plaintiff, but he certainly is not burdened with the necessity of proving that no emergency existed if he is not attempting to excuse his own negligent conduct by reason of a sudden and unexpected emergency not created by himself. In the circumstances disclosed in the record it may be that the existence of an emergency, if there was one, should be

submitted to the jury and considered by it as one of the circumstances to be considered in determining whether or not the defendant was guilty of negligence or whether or not the plaintiff was guilty of contributory negligence. And this would be the only purpose for injecting this issue into the trial.

There are other instructions complained of which we could not approve, but as a new trial must be had and the errors are not liable to reoccur in the making of a new record, we refrain from extending this opinion to note the further objections and exceptions to the instructions. We have indicated enough to express our thought that the trial court did not err in sustaining a motion for a new trial and exceptions to the instructions. An affirmance will follow.—Affirmed.

MITCHELL, KINTZINGER, STIGER, RICHARDS, DONEGAN, and SAGER, JJ., concur.