WILMA IRENE McMASTER, appellee, v. CHARLES HUTCHINS and RAY L. GAYLOR, appellants.

No. 50897.

(Reported in 120 N.W.2d 509)

March 12, 1963.

Rehearing Denied May 7, 1963.

Korf, Diehl, Clayton & Cleverley, of Newton, for appellants.

Bray, McCoy & Faulkner, of Oskaloosa, for appellee.

GARFIELD, C. J.—Defendants Hutchins and Gaylor have appealed from an order granting a new trial following a jury verdict for them in plaintiff's action to recover for personal injuries resulting from a collision between an automobile in which she was a passenger and one owned by defendant Gaylor, driven with his consent by defendant Hutchins. The principal question here is whether the trial court abused its discretion in granting the new trial. We affirm the order.

The collision occurred March 13, 1961, about 8:30 a.m. on Highway 14 in the northwest part of the city of Newton. Plaintiff's husband was driving the Chevrolet car in which she was riding in a northerly direction. The Gaylor Ford car, driven by Hutchins, was going south. Gaylor was sheriff of Jasper County; Hutchins was his deputy. A third car, an Olds driven by a Mrs. Penny, had stopped, headed south partly on the west shoulder and partly on the west (southbound) lane of the paved highway 100 feet or less north of the point of collision.

From the south the highway curves to the northeast in a descending grade at this point. It was or had been snowing that morning and there was snow and slush on the highway. Mrs. Penny testifies she had trouble getting up the hill, knew she could not go farther, drove off the pavement to her right (west) as far as she could and went to a nearby house to phone for a wrecker. A few feet north of where the Penny car stopped North Seventh Avenue West led off to the west.

Defendant Hutchins admits he saw the Penny car when he was about 200 feet north of it but says it then appeared to be parked on the west shoulder. As he got closer he testifies he realized the car was blocking his lane of traffic, he applied his brakes, went into a skid and crossed over into the east—northbound—traffic lane and collided with the McMaster car in which

plaintiff was riding, he had only a brief glance at the car before the collision.

The trial court submitted to the jury six charges of negligence against defendants: 1) speed, failure to: 2) keep a proper lookout, 3) reduce speed to a reasonable and proper rate on a curve, and 4) have the Gaylor car under control, 5) drive at a speed which would permit stopping within the assured clear distance, and 6) drive on the right side of the center of a city street.

Defendants amended their answer to allege in some detail their version of the collision and "11. That the acts and conduct of Mary Penny were the sole and proximate cause of the collision and plaintiff's alleged injuries and damage. 12. That Hutchins was confronted with a sudden emergency not of his own making."

The ruling on plaintiff's motion for new trial states:

"Rule 244, Rules of Civil Procedure, enumerates grounds upon which new trials may be granted and in addition the Supreme Court has frequently held a trial court, ever acting in the exercise of a sound legal discretion, has the inherent power to set aside verdicts and grant new trials if justice requires.

"This Court has given the matters presented by plaintiff's motion (which go in part to the rule of procedure above mentioned and in part to the inherent power aspect) long and careful consideration and while it is unable to find any specific error reflected in the record it is brought irresistibly to the conclusion that the verdict does not find sufficient support in the evidence and is contrary to the great preponderance of the evidence. The verdict also reflects a failure of the jury to correctly apply appropriate rules of law to the fact situation involved. In sum, the verdict does not effectuate substantial justice and cannot be approved by this Court."

Defendants concede in argument the trial court had a broad but not unlimited discretion in granting a new trial on the ground the verdict does not effect substantial justice. The particular point they make is that the record must show reasons or grounds which account for the alleged unjust verdict and they say here there are none. They virtually admit "if such grounds

actually exist the grant of the new trial should be upheld even though the trial court failed to specify such grounds." If we accept the view this record must show reasons or grounds which fairly account for the verdict, we have little difficulty in finding them.

Defendants account for this verdict on the ground the jury found the presence of the Penny car was the sole proximate cause of the collision. They say, "It is apparent the jury could *and did* find the Penny car was the sole proximate cause of the collision. * * * There was a jury question on the issue of sole proximate cause, the verdict in that respect being supported by substantial evidence."

I. We think the court's instructions to the jury were in error in two important respects, prejudicial to plaintiff, in submitting defendants' affirmative defenses that the acts of Mrs. Penny were the sole cause of the collision and plaintiff's injuries and damage, and that defendant Hutchins was confronted with a sudden emergency not of his own making by the presence of the Penny car. These errors may well reasonably account for the jury verdict.

The court's instructions should have placed upon defendants the burden to prove by a preponderance of the evidence these affirmative defenses. Not only was this not done but instruction 18 told the jury, "In the absence of evidence of legal excuse, proof of the violation of a statutory law of the road is sufficient to establish negligence, but if there is evidence of legal excuse, *the burden remains on the plaintiff to prove by a preponderance of the evidence that the statutory violation, if any, was not excused.*" (Emphasis added.)

"If you find by a preponderance of the evidence that the defendant Hutchins has violated any of the statutory provisions referred to in the last three prior instructions, and further find by a preponderance of the evidence that such violation, if any, was not legally excused, as herein defined, then such violation would constitute negligence."

Instruction 18 is made applicable to three of plaintiff's six charges of negligence against defendants and three of the four familiar legal excuses announced in Kisling v. Thierman, 214

Iowa 911, 916, 243 N.W. 552, 554, and a long line of later decisions. Included in these three excuses is the one pleaded by defendants that Hutchins was confronted by a sudden emergency not of his own making.

As recently as Pinckney v. Watkinson, 254 Iowa 144, 151, 116 N.W.2d 258, 262, which defendants cite and discuss at length, we held, "Of course, one who claims excuse on the ground of sudden emergency not created by his own act has the burden to prove it * * *."

One of the citations in the Pinckney opinion for the quoted statement is Luppes v. Harrison, 239 Iowa 880, 885, 886, 32 N.W.2d 809, 812, 813, which says: "The burden of proof as to the allegations of appellee's petition at all times rests upon him but it is not incumbent upon the appellee to prove that no emergency existed. It is the duty of the appellant to support this allegation of his defense. It is also incumbent on the appellant to sustain his contention that such an emergency had developed as would constitute a legal excuse."

Babendure v. Baker, 218 Iowa 31, 33, 34, 253 N.W. 834, 835, approved in Luppes v. Harrison, supra, is to like effect. It is there held: "The burden * * * rested upon appellant to show a legal excuse for the presence of the Buick automobile on the wrong side of the pavement."

A similar precedent is Cunningham v. Court, 248 Iowa 654, 663, 664, 82 N.W.2d 292, 298, also cited with approval in Pinckney v. Watkinson, supra. The Cunningham opinion in turn also approves Luppes v. Harrison, supra, on this point and holds, "It therefore became defendant's duty to prove a 'sudden emergency' as an excuse for his presence in the left lane, * * *." The opinion also approves the trial court's decision that the issue whether defendant "met his burden to prove" an emergency "existed, independent of his own fault, was for the jury."

Harris v. Clark, 251 Iowa 807, 810, 103 N.W.2d 215, 217, says of Cunningham v. Court, supra, "* * * we held * * * the issue as to whether there was an emergency and whether defendant had met his burden to prove such existed, independent of his own fault, was for the jury."

Bletzer v. Wilson, 224 Iowa 884, 889, 276 N.W. 836, 839, is

quite closely in point. There, as here, a new trial was granted following a jury verdict for defendant in an automobile damage case. The trial court thought there were errors in the instructions to the jury, without attempting to point them out. The principal error we found which justified the ruling was an instruction much like instruction 18 here. We held: "In the case at bar the court placed the burden of proving the nonexistence of an emergency upon the plaintiff. We think this was error. It is true that in actions of this kind the burden of proof rests upon the plaintiff, but he certainly is not burdened with the necessity of proving that no emergency existed if he is not attempting to excuse his own negligent conduct by reason of a sudden and unexpected emergency not created by himself."

In the Bletzer case defendant's answer was a mere general denial—not, as here, a pleading that certain described acts of a third party were the sole proximate cause of the collision and confronted defendant driver with an emergency not of his own making.

Harris v. Clark, supra, 251 Iowa 807, 814, 103 N.W.2d 215, 219, observes with apparent approval, "In Bletzer v. Wilson * * * an order granting a new trial was affirmed and * * * we held placing the burden of proving the nonexistence of the emergency upon the plaintiff was error."

It is clear instruction 18 here is patterned after substitute instruction 5.7 of "Iowa Uniform Jury Instructions" prepared by a distinguished committee of the Iowa State Bar Association. The original uniform instruction 5.7 contained the statement, "You are instructed that the burden of proof is upon the defendant to establish a legal excuse by a preponderance of the evidence." The substitute for this requires the plaintiff to prove by a preponderance of the evidence that defendant's violation of statute, if any, was not excused.

We are very reluctant to express disagreement with any instruction approved by the above committee. Before doing so we have made every effort to carefully review all Iowa decisions bearing on the question of burden of proof of legal excuse, commencing with Kisling v. Thierman, supra, 214 Iowa 911, 916, 243 N.W. 552, 554, which introduced the doctrine of legal excuse

in this state. We are convinced we are faced with the alternative of disapproving several Iowa decisions heretofore cited or of expressing disagreement with substitute uniform instruction 5.7 and instruction 18 given here on the point under discussion. We must choose the latter alternative. We think the statement quoted from the original uniform instruction 5.7 more accurately reflects the Iowa law on this point.

It may be thought language in McKeever v. Batcheler, 219 Iowa 93, 257 N.W. 567, and Rich v. Herny, 222 Iowa 465, 269 N.W. 489, supports the quoted statement previously emphasized from instruction 18 here. It is to be noticed they both antedate every decision heretofore cited in support of the conclusion we reach except Babendure v. Baker, supra, 218 Iowa 31, 33, 34, 253 N.W. 834, 835. And, as indicated previously, the Babendure opinion is approved and quoted from at length in Luppes v. Harrison, supra, 239 Iowa 880, 885, 886, 32 N.W.2d 809, 812, 813.

It is also to be noticed there was no pleaded issue of legal excuse, as there is here, in either the McKeever or Rich case. In each precedent defendant's answer was a mere denial. The McKeever opinion, especially, emphasizes this state of the pleadings and approves the statement " 'The general rule is that the burden of proof rests upon the party who has the affirmative of the issue, as determined by the pleadings.' "

Bletzer v. Wilson, supra, 224 Iowa 884, 889, 276 N.W. 836, explains McKeever v. Batcheler, supra, by saying the emergency defendant relied upon there was that plaintiff's decedent came unexpectedly and suddenly from a place off the highway and in this state of facts it was error to place upon defendant the burden to prove existence of such an emergency. It was evidently thought unnecessary to refer to Rich v. Herny. The writers of the opinions in McKeever v. Batcheler and Rich v. Herny both concurred in Bletzer v. Wilson.

Rich v. Herny, supra, 222 Iowa 465, 472, 473, 269 N.W. 489, is readily explainable. Instruction 14 there dealt with a violation of what is now section 321.298, Codes, 1958, 1962 (section 5020, Codes 1924 to 1935), requiring motorists meeting each other on the highway to give half the traveled way by

turning to the right. Violation of this statute is only prima facie evidence of negligence, not negligence per se or as a matter of law, as is violation of other statutory rules of the road, including 321.297 requiring motorists in cities and towns to travel at all times on the right of the center of the street. Noncompliance with 321.298 may be justified by evidence the motorist was in the exercise of reasonable care under the circumstances, notwithstanding such noncompliance. However, violation of other statutory rules of the road may be justified only by showing one of the four recognized legal excuses therefor. Worthington v. McDonald, 246 Iowa 466, 473, 474, 68 N.W.2d 89, 93, 94, 47 A. L. R.2d 135, 140, 141, and citations; Silvia v. Pennock, 253 Iowa 779, 113 N.W.2d 749, 752, 754.

Instruction 14 in Rich v. Herny, supra, required defendant to show by a preponderance of the evidence a legal excuse for violation of what is now 321.298. It is obvious this placed too great a burden on defendant who was the appellant. It was only necessary for him to show he was in the exercise of reasonable care under the circumstances. Incidentally what is said in the Rich opinion about instructions follows the holding there was no evidence of defendant's negligence and his motion for directed verdict should have been sustained. Comment on the instructions was apparently on the assumption plaintiff might make a materially stronger case on a retrial which would justify submission to a jury.

II. Little need be said about the court's failure to instruct on the burden to prove defendant's affirmative defense that the acts of Mrs. Penny, driver of the third car, were the sole proximate cause of the collision and plaintiff's injuries and damage. While of course plaintiff had the burden to prove direct causal connection between the negligence of defendant driver, in one or more of the respects alleged, and the happening of the collision, the burden to prove this pleaded defense that Mrs. Penny's acts were the sole cause thereof rested on defendant. The jury should have been so instructed. Johnson v. McVicker, 216 Iowa 654, 658, 247 N.W. 488; Griffin v. Stuart, 222 Iowa 815, 821, 822, 270 N.W. 442; Usher v. Stafford, 227 Iowa 443, 447, 288 N.W. 432; Maland v. Tesdall, 232 Iowa 959, 963, 5

N.W.2d 327, 329; Frideres v. Lowden, 235 Iowa 640, 641, 642, 17 N.W.2d 396, 397; Young v. Marlas, 243 Iowa 367, 376, 51 N.W.2d 443, 448.

Gregory v. Suhr, 224 Iowa 954, 955, 956, 277 N.W. 721; Reddick v. Grand Union Tea Co., 230 Iowa 108, 115, 296 N.W. 800, 803, and Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 715, 107 N.W.2d 85, 90, recognize the rule just stated. The Gregory and Shover cases hold defendant was not prejudiced by failure to instruct upon such an affirmative defense. The Shover opinion explains that if such an instruction had been given "the burden to prove it by a preponderance of the evidence would properly be placed upon defendant * * *."

No Iowa decision contrary to those cited in this division has come to our attention.

■ III. The record does not contain the objections to the court's instructions and failure to give requested instructions. Thus we do not know what these objections were. If there were no objections to the instructions on the grounds we have discussed it would not prevent consideration of the instructions in determining whether the ruling appealed from was an abuse of discretion. Coleman v. Brower Construction Co., 254 Iowa 724, 732, 119 N.W.2d 256, 260, 261, and citations.

■ It is true the trial court thought there was no "specific error" in the record and plaintiff's argument here does not seek to uphold the grant of the new trial on the grounds discussed in the preceding Divisions I and II hereof. But we will affirm the ruling on any sufficient ground shown by the record even though the ruling was placed upon different reasons. Stover v. Central Broadcasting Co., 247 Iowa 1325, 1330, 1331, 78 N.W.2d 1, 4, and citations; Hot Spot Detector v. Rolfes Electronics Corp., 251 Iowa 647, 653, 102 N.W.2d 354, 360, and citations; Yeager v. Firestone Tire & Rubber Co., 253 Iowa 369, 377, 112 N.W.2d 299, 304.

The Stover opinion, supra, says: "But we are committed to the rule that we must affirm the trial court if any sufficient basis appears in the record therefor, even though the ruling was placed upon a different ground [citations]. The burden is upon the appellant to demonstrate error; and this he has not done if the record shows proper support for the ruling complained of."

IV. We are not to be understood as holding the trial court's grant of a new trial should not be upheld upon the grounds on which the court placed it—that the jury verdict lacks sufficient support in the evidence, is contrary to the great preponderance thereof and does not effect substantial justice—even if there were no error in the instructions prejudicial to plaintiff. It is unnecessary to consider that question. The rules applicable to our review of such a ruling upon like grounds have been frequently stated by us, most recently in Coleman v. Brower Construction Co., supra, 254 Iowa 724, 730, 731, 119 N.W.2d 256, 259, 260, and Larew v. Iowa State Highway Comm., 254 Iowa 1089, 120 N.W.2d 462, and we adhere to them. They need not be repeated here.

We think the ruling appealed from is right and it is—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.