Edith L. McDOWELL, Executor of the
Estate of Clarence A. McDowell,
Deceased, Appellant,

v.

CHICAGO, MILWAUKEE, ST. PAUL
& PACIFIC RAILROAD
COMPANY, Appellee.

No. 74–1231.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1974.

Decided Dec. 13, 1974.

**6**

Robert E. Dreher, Des Moines, Iowa, for appellant.

Randy Duncan, Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and MEREDITH,* Chief District Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

Plaintiff Edith L. McDowell, Executor of the estate of her husband, Clarence A. McDowell, has taken this timely appeal from final judgment dismissing her complaint for damages for wrongful death of Mr. McDowell and from denial of her motion for a new trial.

The collision between McDowell's truck and the defendant's train, which resulted in McDowell's death, occurred on the Main Street crossing of defendant's tracks at Dawson, Iowa, about 7:30 a. m. on June 30, 1970. Defendant's track runs east and west; Main Street runs north and south. The train was traveling east and the decedent was traveling south on Main Street as he approached the railroad crossing. Plaintiff alleges that her husband's death was proximately caused by the negligence of the railroad in failing to give timely warning of the approach of its passenger train by sounding a whistle or ringing a bell; by operating the train at an excessive speed; by permitting its automatic signal to operate frequently when no trains were approaching; in failing to keep weeds, bushes and trees trimmed so as not to obstruct the view of approaching trains; and by failing to keep a flagman posted at the crossing. Additionally, plaintiff claimed a right to recover under the last clear chance doctrine.

Defendant denied negligence and asserted decedent was guilty of contributory negligence as a matter of law which proximately caused his death.

Jurisdiction based on diversity of citizenship and the jurisdictional amount is established.

This case was tried to a jury. Defendant moved for a directed verdict at the close of plaintiff's case and again at the close of all the evidence. Included therein was the ground that plaintiff's decedent was guilty of contributory negligence proximately causing his injury and death by reason of the crossing being protected by an approved and properly operating automatic signal, and decedent's failure to heed such signal and stop as required by § 321.341, Code of Iowa. The trial court overruled the motions for directed verdict but instructed the jury that plaintiff's decedent was guilty of contributory negligence by reason of his failure to stop in obedience to the automatic signal, and then went on to say:

> The only issue for you to determine in considering whether this contributory negligence bars plaintiff's claim is whether this negligence of plaintiff's decedent was a proximate cause of the collision and resulting damages.
>
> If you find that the contributory negligence of the plaintiff's decedent was a proximate cause of the collision and resulting damages, you will find for the defendant.

The court also submitted the case to the jury on the last clear chance doctrine. The jury found for the defendant. Plaintiff's motion for a new trial was denied.

Plaintiff for reversal asserts that the trial court committed error in the following respects:

---

* The Honorable James H. Meredith, Chief Judge, Eastern District of Missouri, sitting by designation.

I. In determining **Mr. McDowell** was guilty of contributory negligence as a matter of law and in not having the jury resolve the issue of whether such negligence was a proximate cause of the injury.

II. In refusing to submit to the jury the issue of negligence of the railroad in failing to construct and maintain a safe crossing surface.

III. In refusing to submit the issue of the railroad's failure to provide safety measures at the crossing, such as a flagman, under the showing of extrahazardous conditions.

We reject all such contentions for the reasons hereinafter stated and affirm.

## I.

■ We are satisfied from our examination of the briefs and record that the court was warranted in instructing the jury that decedent was guilty of contributory negligence per se by failing to stop his truck and remain standing and in traversing the crossing while the crossing gate was lowered, and the automatic signal was operative, all as required by § 321.341. The applicability of such statute was fully considered by this court in Chicago, Rock Island and Pacific Railroad Co. v. Breckenridge, 333 F.2d 990 (8th Cir. 1964). No change has been made in § 321.341 since *Breckenridge.* In *Breckenridge,* we considered and cited pertinent Iowa decisions and concluded that a motorist who approached a railroad crossing protected by approved and operative automatic signals and who failed to comply with § 321.341 was guilty of contributory negligence as a matter of law unless legal excuse, as defined in Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552 (1932), is shown. In *Breckenridge* we set out in full § 321.341 and the *Kisling* standards for determining legal excuse. 333 F.2d at 992. At pages 995 and 996 we point out that evidence of obstruction of view and evidence that the signal operated on occasions when no trains were approaching does not constitute legal excuse. We quoted from Wachter v. McCuen, 250

Iowa 820, 96 N.W.2d 597, 601 (1959), as follows:

" 'Since the failure to comply with \* \* \* a safety statute constitutes negligence per se, a party guilty \* \* cannot excuse himself \* \* \* by showing that "he did what any reasonably prudent person would have done under \* \* \* similar circumstances." A legal excuse \* \* \* must be something that would make it impossible to comply with the statute.' " [333 F.2d at 996].

*See* Van Patten v. Chicago, R. I. & P. R. R., 251 Iowa 1221, 102 N.W.2d 898 (1960).

It is quite true that some significant changes have been made in Iowa law with respect to the contributory negligence issue. As stated in *Breckenridge* under the then existing Iowa law, the burden was upon the plaintiff to plead and prove the injured person's freedom from contributory negligence which contributed in any degree to his injury. In 1965 the Iowa legislature enacted § 619.-17 which abolished the pre-existing rule just discussed and provided that in the future the burden is placed on the defendant to plead and prove contributory negligence, and in addition to establish that the contributory negligence was a proximate cause of the injury.

■ The shifting of the burden of proof to defendant on the contributory negligence issue in no way alters or abrogates the long-standing rule that the violation of a safety statute constitutes negligence per se.

In our present case evidence that the automatic crossing signal was operating properly at the time the decedent approached the crossing is not disputed. The lights were flashing and the bell was ringing as decedent approached the crossing. A disinterested witness, Gene Long, testified that she saw the automatic signal and gate go into operation as the train approached and as the decedent approached the track. She heard the approaching train whistle loud and clear. She saw the decedent proceed to the crossing without stopping, hit

the gate and veer diagonally to the east and go down the track. Larry Stickel observed the decedent proceed toward the closed gate without slackening his speed and hit the end of the gate and proceed down the track. A railroad inspector tested the gate operation shortly after the accident and found it to be operating perfectly.

It is established beyond dispute that the gate was down, that the signal was operating and that the train was approaching when the decedent hit the closed gate and proceeded down the track.

■ The circumstance that the gate was down and the signal was operating quite frequently when no train was approaching, such as when a repair train was parked near the crossing, does not constitute a legal excuse as defined by Iowa law for not heeding a proper automatic signal when a train is in fact approaching.

■ It is well-established Iowa law that a motorist approaching a known railroad crossing must exercise care for his safety and must look and listen for approaching trains before crossing the track. See Van Patten, supra, and cases cited, 102 N.W.2d at 905. Here the evidence discloses that the decedent by looking could have observed the approaching train a considerable distance away. The closed gate certainly was not an invitation to the decedent to proceed across the tracks without exercising any caution for his own safety.

■ The requirement of § 619.17 which placed the burden on the defendant to show plaintiff's negligence was a proximate cause of the injury doubtless places a heavier burden on the defendant than the previous requirement that such negligence contributed "in any degree" to the injury. We do not disagree with plaintiff's contention that proximate cause is a separate and distinct element which must be proved. We need not determine in this case whether upon the strong record made the court would be warranted in determining as a matter of law decedent's negligence was a proximate cause of his injury. The court in fact submitted the proximate cause issue to the jury by instruction No. 12 which has heretofore been set out. Proximate cause is defined in the instructions and no exception has been taken to the instruction on proximate cause.

■ The court was warranted in determining plaintiff's decedent was guilty of contributory negligence as a matter of law by reason of the violation of § 321.341. Whether such contributory negligence proximately caused decedent's injury was submitted to and resolved by the jury.

## II and III.

Plaintiff excepted to the court's instructions on the ground that the court failed to instruct on two specifications of negligence, to wit, failure to keep the crossing in repair and failure to keep a flagman at the crossing. With respect to the repair specification, the court ruled there was no specification of negligence with respect to such issue.

■ As to both specifications, the court's finding that failure to heed the automatic signal as required by statute and the jury's determination by its verdict that such negligence was a proximate cause of the injury makes the court's refusal to submit such requested instructions unimportant. Moreover, as pointed out in Division I, this court in Breckenridge and the Iowa court in Van Patten have held that where a signal device is installed and operative and gives warning of the approach of a train to a motorist, no flagman is required, at least absent highly unusual circumstances not present here.

The judgment is affirmed.